In the Matter of the Claim of CHRISTINE M. DELISA, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J.

Claimant was discharged from her position as assistant manager of a group home for retarded adults because of her negligence in handling the clothing allowance for three residents resulting in the loss of $195. Claimant had placed the money in a locked medicine cabinet but neglected to inform the counselors at the home to use the funds to purchase clothing. Claimant was fired after the money disappeared. She has appealed from the Unemployment Insurance Appeal Board's determination sustaining a decision by the Adminis-

trative Law Judge that her conduct constituted gross negligence amounting to misconduct which disqualified her from receiving unemployment insurance benefits.

Claimant contends that the determination is not supported by substantial evidence and that her acts did not constitute misconduct. The exact nature of claimant's acts and omissions were questions of fact to be resolved by the Board. The conflicting evidence distilled to a determination of credibility for resolution by the Board (see, Matter of Nunes [Roberts], 98 AD2d 934). Claimant's contention that the incident was isolated and not severe enough to constitute misconduct is unpersuasive. She held a position of trust requiring a high degree of care and had been warned previously about handling residents' money. Inasmuch as the carelessness bore directly on claimant's fitness for her position (see, Matter of Punter [Ross], 43 NY2d 743, 744) we cannot say that the Board erred in finding her conduct to be disqualifying. Nor is there merit to claimant's contention that the factual recitation in the Board's determination varied from that in the initial disqualifying determination, thus denying her due process of law.

Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.