■ In the Matter of the Claim of MICHAEL M. SANDS, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [665 NYS2d 338] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 29, 1996, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he was suspended from his employment without pay due to misconduct.

Claimant, employed as a postal worker, was assigned the task of sorting undeliverable mail. Although he had been repeatedly admonished not to open or read any of this mail, postal inspectors videotaped claimant on four occasions opening and reading certain pieces of mail, some of which he placed among his personal possessions. Claimant was suspended from his employment without pay for a period of two weeks and was determined to be disqualified from receiving unemployment insurance benefits during this period because the suspension was due to misconduct. We affirm. An employee's failure to comply with workplace policies and procedures has been found to constitute disqualifying misconduct (*see, Matter of Imondi [North Fork Bank—Sweeney]*, 233 AD2d 736). Substantial evidence supports the finding that claimant repeatedly violated a workplace rule. To the extent that claimant presented testimony that was in conflict with that of the employer, this presented an issue of credibility for resolution by the Unemployment Insurance Appeal Board (*see, Matter of Eggers [Sweeney]*, 215 AD2d 859).

Cardona, P. J., Mikoll, Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.