■ In the Matter of the Claim of MAUREEN BENTON, Appellant. U.S. HOMECARE CORPORATION, Respondent; COMMISSIONER

OF LABOR, Respondent. [671 NYS2d 202] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a live-in aide by the employer, a home health care agency. Her job entailed caring for clients of the agency on a 24-hour, seven-day-a-week basis. Claimant was originally discharged on August 8, 1996, after the employer learned that she had incurred approximately $995 in charges on two of her clients' telephone accounts. While claimant had her clients' permission to use their telephones and had paid the outstanding charges, the employer discharged claimant on the ground that her excessive conduct violated the agency's rule prohibiting employees from abusing clients' property. Claimant was subsequently reinstated and resumed care for her client until September 7, 1996. After the employer learned that claimant had incurred an additional $500 in telephone charges between August 8, 1996 and September 7, 1996, claimant was terminated. The Unemployment Insurance Appeal Board ruled that claimant had engaged in disqualifying misconduct. We affirm. An employee who knowingly violates the employer's rules, despite prior admonitions, will be found to have engaged in disqualifying misconduct (*see, Matter of Limarzi [Sweeney]*, 244 AD2d 750; *Matter of Spinelli [Sweeney]*, 231 AD2d 800). Inasmuch as the record contains substantial evidence to support the Board's decision, it will not be disturbed.

Mikoll, J. P., Mercure, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.