■ In the Matter of ROSEMARY B. MCKINLEY, Appellant. COMMISSIONER OF LABOR, Respondent. [672 NYS2d 463] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 30, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was terminated from her position as a residential counselor for a mental health treatment facility for teenagers following an incident whereby a disturbance broke out after a client received unauthorized visitors in violation of the employer's policy. Although other counselors were already on duty when claimant started her shift, claimant was shift supervisor. Claimant was discharged for her failure to take action to remove the visitors when she started her shift and realized that the rule was being violated.

We find that substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant was terminated due to misconduct (see, Matter of Gallo [Hudacs], 206 AD2d 649, 650). Although claimant maintains that she was unfairly singled out for punishment by the employer, the record indicates that she had been disciplined for rule infractions in the past and, in any event, "[f]ailure to comply with the employer's established policies and procedures constitutes disqualifying misconduct" (Matter of Rooney [Sweeney], 236 AD2d 775). To the extent that claimant presented testimony that conflicted with that of the employer, this presented an issue of credibility for the Board to resolve (Matter of Sands [Sweeney], 243 AD2d 798).

Mikoll, J. P., Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.