■ In the Matter of the Claim of JULIET WILLIAMS, Appellant. PROGRESSIVE HOME HEALTH CARE SERVICES, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [675 NYS2d 210] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a home health care provider until she was discharged in February 1995 for failing to notify her employer that she was unable to go to her assigned patient's residence and accepting a patient's residence keys without prior authorization from her employer. The employer's handbook specifically stated that employees were required to notify the employer when they were sick and claimant admitted that she was aware of this requirement but that she notified her patient instead of calling her employer. Claimant was also aware that the handbook prohibited employees from accepting keys to patients' homes without prior authorization from the employer. The Unemployment Insurance Appeal Board denied claimant's application for benefits, concluding that she had been terminated for misconduct.

We affirm. Substantial evidence supports the Board's decision. It is well settled that "[f]ailing to comply with the employer's established policies and procedures and acting in a manner contrary to the employer's best interests constitute disqualifying misconduct" (*Matter of Rothman [Sweeney]*, 242 AD2d 818; *see, Matter of Benton [U.S. Homecare Corp.—Commissioner of Labor]*, 249 AD2d 667; *Matter of Tensley [Sweeney]*, 232 AD2d 711). In this case, claimant had received the employer's handbook and attended multiple courses to refresh her memory of the employer's rules and procedures. Claimant's failure to follow these rules and procedures was contrary to the employer's best interest as the rules were established to protect the employer from being subject to possible liabilities. As a result, we conclude that the Board could properly find that claimant's actions constituted misconduct disqualifying her from receiving unemployment insurance benefits.

Cardona, P. J., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.