■ In the Matter of the Claim of PHILIP R. BARRESI, Appellant. COMMISSIONER OF LABOR, Respondent. [681 NYS2d 158] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 13, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

We are unpersuaded by claimant's contention that the Unemployment Insurance Appeal Board failed to comply with this Court's previous decision remitting the matter for the Board to undertake an independent assessment of whether claimant, a Deputy Sheriff Sergeant, was entitled to unemployment insurance benefits after being discharged for carelessly safekeeping his personally owned firearm (*see, Matter of Barresi [Sweeney]*, 232 AD2d 714). Upon reconsideration of the facts after remittal, the Board, bound by the factual findings of a Civil Service Law § 75 hearing, concluded that claimant's conduct was contrary to the employer's interests and that he was disqualified from receiving benefits. The Board therefore drew its own conclusions as to whether claimant's behavior

amounted to misconduct for the purpose of unemployment insurance benefits. Furthermore, inasmuch as claimant's carelessness in misplacing his personal firearm for nearly a year bore materially on claimant's fitness for his position as a Sheriff's Deputy, substantial evidence supports the Board's finding that claimant's action amounted to disqualifying misconduct (*see, e.g., Matter of Punter [Ross]*, 43 NY2d 743, 744; *Matter of Delisa [Hartnett]*, 179 AD2d 917, 918). Claimant's remaining contentions, including his assertion that the Board was required to hold a new hearing, have been reviewed and found to be without merit.

Cardona, P. J., Mikoll, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.