■ In the Matter of the Claim of THOMAS K. REGNIER, Appellant. COMMISSIONER OF LABOR, Respondent. [688 NYS2d 794] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 16, 1997, which ruled that claimant

---

2. The pertinent time period at issue here is January 30, 1991 through May 1, 1991.

was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his employment as a branch manager for an insurance company after an audit revealed that he overstated sales and production figures for himself and his subordinates causing claimant and others to be overpaid on their commissions. We conclude that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was disqualified from receiving benefits due to misconduct. Falsifying data on documents prepared in the course of employment has been held to constitute disqualifying misconduct (see, Matter of Marigliano [DHL Worldwide Courier Serv.—Sweeney], 248 AD2d 782, 783; Matter of Shuba [Sweeney], 246 AD2d 710). Here, the employer had a reasonable expectation that claimant would report accurate figures, especially given his supervisory position (see, e.g., Matter of Delisa [Hartnett], 179 AD2d 917). Claimant's proffered excuse for the misrepresentations and his testimony that he was terminated for reasons other than that expressed by the employer presented credibility issues for the Board to resolve (see, Matter of Merard [Rockland Arc—Sweeney], 240 AD2d 828, 829). Claimant's remaining contentions, including his assertion of bias on the part of the Administrative Law Judge and attack on the sufficiency of the hearing transcript, have been reviewed and found to be without merit.

Mikoll, J. P., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.