■ In the Matter of the Claim of JACQUELINE GRANEK, Appellant. COMMISSIONER OF LABOR, Respondent. [690 NYS2d 776] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

When this matter was previously before this Court, we dismissed claimant's appeal from the Unemployment Insurance Appeal Board's decision that she was disqualified from receiving benefits because her employment was terminated due to misconduct. Thereafter, claimant moved for reargument and we granted the motion, vacating our prior decision and order.

Upon considering the merits of the appeal, we conclude that substantial evidence supports the Board's decision that claimant committed disqualifying misconduct by falsifying her time records. Claimant admitted that she arrived late to work on four occasions without deducting the hours from her time sheet in violation of the employer's known policy requiring accurate time records. An employee's falsification of time records (*see,*

*Matter of Hendrickson [Commissioner of Labor]*, 250 AD2d 909) and failure to abide by established workplace policies (*see, Matter of Garcia [Commissioner of Labor]*, 256 AD2d 786) may constitute disqualifying misconduct. Claimant's exculpatory explanation for the time discrepancies merely created a credibility issue for the Board to resolve (*see, Matter of Hawkins [Commissioner of Labor]*, 254 AD2d 558; *Matter of Elewa [Commissioner of Labor]*, 249 AD2d 618).

Mikoll, J. P., Mercure, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.