■ In the Matter of the Claim of FELIPE SOTO, Appellant. COMMISSIONER OF LABOR, Respondent. [690 NYS2d 789] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 30, 1997, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a security guard for failure to remain at his post until the end of his shift. Although claimant took his lunch period during the last part of his shift, the employer required that he remain on the premises in uniform until the completion of his shift in case of an emergency. Despite prior warnings and even retraining on the matter, claimant disregarded the employer's request and left work during his lunch break. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits due to misconduct and assessed a recoverable overpayment of benefits. Failure to obey an employer's reasonable rules can constitute disqualifying misconduct (see, Matter of Holland [Commissioner of Labor], 257 AD2d 923; Matter of Barry [Hudacs], 199 AD2d 807). Under these circumstances, substantial evidence supports the Board's decision that claimant engaged in disqualifying misconduct. Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P. J., Mikoll, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.