■ In the Matter of the Claim of MARK A. GREENBERG, Appellant. COMMISSIONER OF LABOR, Respondent. [729 NYS2d 810] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 2000, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because he was suspended from his employment due to misconduct.

Claimant was suspended from his employment as a butcher for a supermarket after his supervisor observed him wearing street clothes and paying for his groceries prior to the end of his shift in violation of the company policies prohibiting employees from leaving early and shopping on company time. Claimant had previously been warned that leaving work early was unacceptable. Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant engaged in disqualifying misconduct. "An employee's failure to comply with workplace policies and procedures has been found to constitute disqualifying misconduct [citation omitted]" (*Matter of Sands [Sweeney]*, 243 AD2d 798; *see, Matter of Ellis [Commissioner of Labor]*, 264 AD2d 932). Likewise, leaving work early without authorization and after a prior warning can constitute disqualifying misconduct (*see, Matter of Williams [Commissioner of Labor]*, 274 AD2d 805; *Matter of Patrick [La Salle School—Commissioner of Labor]*, 251 AD2d 944). Claimant's differing version of events surrounding the suspension presented a credibility issue which the Board resolved against him (*see, Matter of Ellis [Commissioner of Labor]*, *supra*; *Matter of Sands [Sweeney]*, *supra*). Claimant's remain-

ing contentions have been examined and found to be lacking in merit.

Spain, J. P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.