■ In the Matter of the Claim of RAYMOND W. MONROE, Appellant. THE SAGAMORE, Respondent; COMMISSIONER OF LABOR, Respondent. [738 NYS2d 449] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 28, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed for over 14 years as a golf course groundskeeper. In August 2000, he was counseled by his immediate supervisor and departmental director that he would be terminated if his insubordinate behavior and hostile attitude continued. About six weeks later, claimant became incensed when approval for his proposed vacation was withdrawn because of staffing shortages. Upon learning that another employee had been allowed to leave work early, claimant confronted his supervisor with the contention that he had been treated unfairly. He then walked off the job, expressing vulgarities as he went, and was fired a short time later.

Substantial evidence supports the decision that claimant lost his employment under disqualifying circumstances. This Court has held that an employee's disrespectful or vulgar statements to a supervisor may constitute disqualifying misconduct (*see, Matter of Kim [Commissioner of Labor]*, 262 AD2d 693; *Matter of Hayes [Commissioner of Labor]*, 249 AD2d 665), especially when uttered after a prior warning (*see, Matter of Crumel*

[Commissioner of Labor], 258 AD2d 803; Matter of Duffy [Initial Cleaning Servs.—Sweeney], 231 AD2d 770). That claimant's description of the events leading up to his dismissal differs from that of the employer's representatives created a credibility question for resolution by the Unemployment Insurance Appeal Board (see, Matter of Petrocelli [Commissioner of Labor], 275 AD2d 834). The remaining contentions raised herein have been reviewed and found to be without merit.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.