■ In the Matter of the Claim of GARY HOLLAND, Appellant. COMMISSIONER OF LABOR, Respondent. [738 NYS2d 744] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 29, 2000, which ruled, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a band saw fitter. Despite repeated warnings, he failed to follow the employer's established procedures including those requiring employees to give advance notice of absences and late arrivals at work. On his last day of employment, claimant attended a meeting with three of his supervisors where the employer's policies and

procedures were reviewed with him. When asked whether he would abide by these rules in the future, claimant declined to give a simple affirmative answer, instead inquiring whether he needed an attorney. At that point, he was discharged.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant lost his employment under disqualifying circumstances. A claimant's conduct in failing to comply with an employer's reasonable request may constitute insubordination rising to the level of misconduct (*see, Matter of Williams [Commissioner of Labor]*, 288 AD2d 813; *Matter of Cooney [Consolidated Edison Co. of N.Y.— Commissioner of Labor]*, 283 AD2d 820). Given claimant's refusal herein to comply with the employer's request that he articulate his willingness to abide by the employer's policies and procedures, the Board's decision is supported in the record.

To the extent that claimant's version of the events leading up to his discharge was at variance with that of the employer's witnesses, this discrepancy presented an issue of credibility for resolution by the Board (*see, Matter of Greenberg [Commissioner of Labor]*, 286 AD2d 794). The remaining contentions raised herein have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.