◼ In the Matter of the Claim of PAUL DESIR, Appellant. COMMISSIONER OF LABOR, Respondent. [741 NYS2d 588] —Appeal

from a decision of the Unemployment Insurance Appeal Board, filed July 20, 2001, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a financial consultant after the employer discovered that claimant had falsely represented on his employment application that he had not previously worked for the employer. The Unemployment Insurance Appeal Board ruled that claimant's knowing misrepresentation on his employment application constituted disqualifying misconduct, and further found that he had made a willful false statement to obtain benefits, charging him with a recoverable overpayment.

This Court has held that the act of falsifying information on an application for employment may disqualify a claimant from receiving benefits (*see, Matter of Class [Alliant Food Serv.— Commissioner of Labor]*, 261 AD2d 772; *Matter of Merard [Rockland Arc—Sweeney]*, 240 AD2d 828). Claimant's assertion that his omissions were caused by the confusing nature of the application form is belied by its unambiguous language, and his representation that he promptly submitted a corrected employment application was disputed by a witness for the employer, raising an issue of credibility for resolution by the Hearing Officer (*see, Matter of Merard [Rockland Arc— Sweeney]*, *supra* at 829).

Substantial evidence supports the finding that claimant made a willful false statement to obtain benefits. Claimant admitted that when he applied for benefits, he cited "lack of work" as the reason for his unemployment. As there was never any question that claimant's termination was the result of misconduct, the Board properly ruled that he made a willful false statement to obtain benefits (*see, Matter of Vasta [Commissioner of Labor]*, 268 AD2d 653). Claimant's remaining contentions have been examined and found to be without merit.

Crew III, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.