■ In the Matter of the Claim of KATHRYN M. KNIGHT, Appellant. COMMISSIONER OF LABOR, Respondent. [751 NYS2d 131] —Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as an attendant and kitchen worker at a residential facility for adults. On a warm spring evening, she departed from the regularly-scheduled snack of graham crackers by serving the residents sherbet. Upon learning from a coworker that one of the elderly patients had reported this breach to claimant's supervisor, claimant confronted the woman, chiding her for having "spoiled it for everyone." The resident became upset and informed claimant's supervisor of the incident. Claimant was subsequently discharged.

The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct. Substantial evidence supports this decision. In general, acts of an employee that have a detrimental impact upon the employer's interests have been found to constitute disqualifying misconduct especially when they run counter to the employer's established policies (*see Matter of Williams [Progressive Home Health Care Servs.—Commissioner of Labor]*, 252 AD2d 649). In the context of an employee whose job is to care for individuals residing on the employer's premises, speaking or acting in an unpleasant or rude manner toward a resident may be found to constitute misconduct (*see e.g. Matter of Campbell [Commissioner of Labor]*, 271 AD2d 787, 788; *Matter of Prairie [Commissioner of Labor]*, 265 AD2d 794; *Matter of*

*Fourby [Sweeney]*, 247 AD2d 739). Under the circumstances presented here, claimant's expression of annoyance toward a resident was both inappropriate and contrary to the employer's policy of treating residents with courtesy and respect, a policy that is set forth in a pamphlet given to all employees at the time of hiring.

The exculpatory testimony of claimant and her witnesses presented an issue of credibility for resolution by the Board (*see Matter of Dennis [Westgate Nursing Home—Sweeney]*, 233 AD2d 730, *lv denied* 89 NY2d 811). As the Board's decision finding that claimant lost her employment under disqualifying circumstances is supported by substantial evidence, it will not be disturbed.

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.