■ In the Matter of the Claim of THOMAS A. GOODRICH, Appellant. RAYMOND CORPORATION, Respondent; COMMISSIONER OF LABOR, Respondent. [753 NYS2d 564] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as an assembler for a forklift truck manufacturer, a position from which he was discharged on the ground of insubordination after he neglected to comply with his supervisor's orders to complete certain paperwork relating to the proposed repair of a truck. It is noteworthy that claimant had been demoted approximately six months earlier for making critical comments to coworkers regarding his supervisor and for failing to perform work assigned by him. Claimant's subsequent application for unemployment insurance benefits was denied on the ground that he had lost his employment under disqualifying circumstances. We affirm.

It is well settled that "an employee's refusal to accept reasonable work assignments may constitute insubordination rising to the level of disqualifying misconduct" (*Matter of Estremera [Sweeney]*, 244 AD2d 694, 695; *see Matter of Monroe [Commissioner of Labor]*, 270 AD2d 558, 559). The record before us provides substantial evidence supporting the finding of the Unemployment Insurance Appeal Board that claimant refused to comply with a reasonable request of his supervisor and that this insubordination constituted disqualifying misconduct, especially following an earlier warning that such conduct would not be tolerated (*see Matter of Jackson [Commissioner of Labor]*, 275 AD2d 826, *lv denied* 95 NY2d 769). To the extent that claimant's version of the events leading to his discharge was at variance with that presented by the employer, this discrepancy presented an issue of credibility that was within the discretionary power of the Administrative Law Judge to resolve (*see Matter of Lyczek [Commissioner of Labor]*, 285 AD2d 797, 798, *lv dismissed* 97 NY2d 700). Claimant's assertion that his due process rights were violated by the manner in which the administrative hearing was conducted has been reviewed and found to be without merit.

Cardona, P.J., Mercure, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.