■ In the Matter of the Claim of AUDREY M. SMITH, Appellant. COMMISSIONER OF LABOR, Respondent. [755 NYS2d 322] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 7, 2001, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost her employment as a seasonal parks and recreation aide due to disqualifying misconduct. The record establishes that claimant felt ill on the day in question, but disregarded the employer's known policy to obtain permission from a supervisor before

leaving early. Although claimant's supervisor was working in the park, he was still accessible to claimant in order for her to ask permission before leaving. Leaving work without authorization (*see Matter of Patrick [La Salle School—Commissioner of Labor]*, 251 AD2d 944 [1998]; *Matter of Brunetti [Sweeney]*, 215 AD2d 855 [1995]) or failing to abide by workplace policy (*see Matter of Sands [Sweeney]*, 243 AD2d 798 [1997]) can constitute disqualifying misconduct. Claimant's contention that she was unaware of such policy created a credibility issue for the Board to resolve (*see Matter of Brunetti [Sweeney], supra*). Under the circumstances presented, we find no reason to disturb the Board's decision.

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.