■ In the Matter of the Claim of HENNI T. COOPER, Appellant. COMMISSIONER OF LABOR, Respondent. [760 NYS2d 907] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 22, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a field representative secretary for the employer at a college in the Bronx. As part of the employer's reorganization effort, which included assessing work load requirements and the closure of claimant's existing work site, claimant was notified that she was being reassigned to another site in Manhattan. Claimant refused to relocate because she preferred her old job site and claimed the need to be accessible to her ill mother. Claimant was terminated after she repeatedly failed to report to the new location.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant lost her employment through disqualifying misconduct. Failure to abide by an employer's reasonable request has been held to constitute disqualifying misconduct (see Matter of Neville [Commissioner of Labor], 264 AD2d 918 [1999]; Matter of Teller [Sweeney], 212 AD2d 925 [1995]). To the extent that claimant cites her mother's health problems, the record fails to include any medical advice substantiating the need for constant or nearby supervision and claimant never requested a leave of absence which had been suggested by the employer (see Matter of Scarlino [Sweeney], 243 AD2d 800 [1997]). Under these circumstances, we find no reason to disturb the Board's decision.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ. Ordered that the decision is affirmed, without costs.