■ In the Matter of the Claim of SHANNON A. CHILLIOUS, Appellant. COMMISSIONER OF LABOR, Respondent. [770 NYS2d 766]—

Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 30, 2003 and May 9, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decisions of the Unemployment Insurance Appeal Board finding that claimant lost her employment as a food packer at a catering company due to disqualifying misconduct. Claimant concedes that she failed to follow the normal sign-out procedures at the end of her shift. Claimant was called back to her station by a supervisor and asked why food had been left out in violation of the company policy aimed at preventing bacterial contamination. Claimant reacted by raising her voice, laughing at the supervisor and then leaving the premises. Thereafter, claimant was discharged. It is well settled that a claimant's failure to abide by workplace policies and procedures which may be detrimental to the

employer's interest can constitute disqualifying misconduct (*see Matter of Greenberg [Commissioner of Labor]*, 286 AD2d 794 [2001]). Moreover, disregard of "an employer's reasonable request may constitute insubordination rising to the level of misconduct" (*Matter of Holland [Commissioner of Labor]*, 292 AD2d 667, 668 [2002]), particularly where, as here, claimant had been previously warned about insubordinate behavior (*see Matter of Goodrich [Raymond Corp.—Commissioner of Labor]*, 301 AD2d 720 [2003]). To the extent that claimant's version of the events leading to her dismissal differed from that of the employer, this presented a credibility issue for the Board to resolve (*see Matter of Monroe [The Sagamore—Commissioner of Labor]*, 291 AD2d 774, 775 [2002]). Given claimant's admission that she acted improperly, we find no reason to disturb the Board's decision.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.