■ In the Matter of the Claim of RACHEL KAISSAR, Appellant. COMMISSIONER OF LABOR, Respondent. [770 NYS2d 913]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 19, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost her employment as a staff accountant due to disqualifying misconduct. The record establishes that claimant removed documents from work, although aware of the company policy that documents not be removed without permission. She then refused the employer's request that they be returned, testifying that she needed the documents for a potential harassment and discrimination suit against the employer. Inasmuch as failure to comply with a reasonable request (*see Matter of Holland [Commissioner of Labor]*, 292 AD2d 667, 668 [2002]) or known policy of the employer which is detrimental to the employer's interest has been held to constitute misconduct (*see Matter of Arbatosky [Commissioner of Labor]*, 302 AD2d 787, 788 [2003]; *Matter of Rothman [Sweeney]*, 242 AD2d 818 [1997]), we find no reason to disturb the Board's decision. Claimant's belated assertion that she had permission to take the documents presented a credibility issue for the Board (*see Matter of Arbatosky [Commissioner of Labor], supra* at 788).

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.