■ In the Matter of MOJAN M. GHOULIAN, Appellant. COMMISSIONER OF LABOR, Respondent. [774 NYS2d 460]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 7, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was terminated from her position as a teaching assistant after she purportedly took students in her care off school premises in her car. She had apparently done the same thing on a prior occasion and was warned that she would lose her job if it happened again. Following a hearing, an Administrative Law Judge disqualified claimant from receiving unemployment insurance benefits because she lost her employment due to misconduct. The Unemployment Insurance Appeal Board affirmed this decision, resulting in this appeal.

It is well settled that an employee's failure to follow workplace rules or policies which, in turn, has a detrimental effect on the employer's interests amounts to disqualifying misconduct (*see Matter of Kaissar [Commissioner of Labor]*, 3 AD3d 829, 830 [2004]; *Matter of Chillious [Commissioner of Labor]*, 3 AD3d 655, 655-656 [2004]). Here, claimant's supervisor testified that she received a complaint from the parent of a female student that claimant had taken that student in her car to an area near the student's grandparents' house. She stated that such activity was not permitted because it subjected the employer to potential liability. She further stated that, prior to this incident, claimant had taken students off school premises in her car after receiving

an emergency telephone call of a fire at her house and was warned that she would be terminated if this happened again. Although claimant denied both incidents, this presented a credibility issue for the Board to resolve (*see Matter of Chillious [Commissioner of Labor], supra* at 656; *Matter of Knight [Commissioner of Labor],* 300 AD2d 727, 728 [2002]). Inasmuch as substantial evidence supports the Board's decision, we decline to disturb it.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.