In the Matter of the Claim of AUDIA N. DENTON, Appellant. COMMISSIONER OF LABOR, Respondent. [776 NYS2d 140]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost her employment as an esthetician at a spa due to disqualifying misconduct. It is well settled that an employee can be disqualified from receiving unemployment insurance benefits for failure to abide by a reasonable request of the employer (*see Matter of Cooper [Commissioner of Labor]*, 306 AD2d 744 [2003]; *Matter of Holland [Commissioner of Labor]*, 292 AD2d 667, 668 [2002]). The record establishes that claimant refused to accept a new work schedule issued by the employer which was substantially similar to the schedule that she worked when originally hired. Furthermore, inasmuch as claimant had been suspended for failing to comply with her new work schedule and was given prior warnings regarding unrelated matters, she was on notice that her employment was in jeopardy. Although claimant informed the employer that the new schedule interfered with

her availability for part-time advertising jobs, this did not excuse her conduct in refusing to work the new schedule (*see Matter of Giovati [Commissioner of Labor]*, 4 AD3d 598 [2004]; *Matter of Izzo [Commissioner of Labor]*, 2 AD3d 1259 [2003]; *Matter of Rahn [Commissioner of Labor]*, 308 AD2d 629 [2003]; *Matter of Malkenson [Sweeney]*, 246 AD2d 733 [1998]), and we find no reason to disturb the Board's decision. Claimant's assertion that her discharge was in retaliation for complaints filed against the general manager is not supported by the record.

Cardona, P.J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.