■ In the Matter of the Claim of LAMONT BAKER, Appellant. EASTERN CONNECTION, Respondent; COMMISSIONER OF LABOR, Respondent. [781 NYS2d 546]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 30, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a router sorting packages and boxes and also had a delivery route, at the conclusion of which he was required to return to the warehouse to punch out his time card. The employer had a policy against employees calling in to have other employees punch out their time cards. Claimant had violated this policy in the past and was warned in February 2003 that further violation would result in his termination. On March 19, 2003, toward the end of his shift, claimant called a coworker and asked him to have his manager punch out his time card. Claimant was discharged as a result and his subsequent claim for unemployment insurance benefits was denied by the Unemployment Insurance Appeal Board upon the ground that his employment was terminated due to misconduct. Claimant now appeals.

It is well settled that the failure to obey an employer's reasonable workplace rules can constitute misconduct disqualifying an employee from receiving unemployment insurance benefits, particularly where the employee received prior warnings (*see Matter of Chillious [Commissioner of Labor]*, 3 AD3d 655, 655-656 [2004]; *Matter of Soto [Commissioner of Labor]*, 262 AD2d 693 [1999]). Claimant's supervisor testified that claimant violated the employer's rule against having other employees punch out his time card when he called in on March 19, 2003 and that claimant previously has been warned about the consequences of such conduct. Although claimant denied the charge and maintained that he informed his supervisor one week in advance that he would not be returning to the warehouse after his shift on the date in question because he had to take an exam, this presented a question of credibility for the Board to resolve (*see Matter of Lapham [Starline USA, Inc.—Commissioner of Labor]*, 7 AD3d 862, 863 [2004]). Inasmuch as substantial evidence supports the Board's decision, we find no reason to disturb it.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.