■ In the Matter of the Claim of ROBERT A. FERRAR, Appellant. COMMISSIONER OF LABOR, Respondent. [783 NYS2d 880]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 29, 2004, which, upon reconsidera-

tion, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked at a bank as a junior portfolio clerk until May 30, 2003. On that day, he left the bank to run errands for a two-hour period without apparent authorization. Upon his return, he was terminated for theft of time. Claimant's application for unemployment insurance benefits was ultimately denied by the Unemployment Insurance Appeal Board on the ground that he lost his employment through misconduct. He now appeals.

We affirm. It is well settled that the unauthorized departure from work (*see Matter of Smith [Commissioner of Labor]*, 303 AD2d 815, 816 [2003]; *Matter of Diallo [Commissioner of Labor]*, 263 AD2d 608, 608 [1999]) and the failure to comply with established workplace policies (*see Matter of Granek [Commissioner of Labor]*, 262 AD2d 680, 681 [1999]) constitute misconduct disqualifying an employee from receiving unemployment insurance benefits. Although claimant maintained that he had his manager's permission to extend his morning break to go to the drug store, this did not reasonably encompass the subsequent two-hour period he was away from his post during which time the employer's representative stated that he was absent without authorization. Inasmuch as the conflicting testimony presented an issue of credibility for the Board to resolve (*see Matter of Bentley [Emerson Power Transmission Ithaca—Commissioner of Labor]*, 281 AD2d 743 [2001]), we find no reason to disturb its decision.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.