■ In the Matter of the Claim of STEFANI J. OBERFERST, Appellant. COMMISSIONER OF LABOR, Respondent. [793 NYS2d 293]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 2004, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a student assistance counselor for the Onondaga County Department of Mental Health (hereinafter the employer), which contracted with a local school district to have claimant provide services. The district provided claimant with a memorandum outlining the work requirements and expectations which obligated claimant, among other things, to provide updated copies of her weekly schedule to school officials and to complete a school absence request form each time she was out of the building. In September 2003, after claimant failed to comply with these requirements, the district advised the employer that it wished to terminate the employer's contract. Thereafter, the employer brought formal disciplinary proceedings against claimant which resulted in her discharge. Claimant reactivated a prior unemployment insurance claim and received benefits totaling $2,025. The Unemployment Insurance Appeal Board, however, subsequently ruled that claimant was disqualified from receiving benefits because she was discharged due to misconduct. In addition, it ruled that she was liable for a recoverable overpayment of benefits and reduced her right to receive future benefits by eight days. Claimant now appeals.

We affirm. We note that an employee's violation of established standards of conduct which is detrimental to the interest of an employer may constitute disqualifying misconduct (*see Matter of Ghoulian [Commissioner of Labor]*, 6 AD3d 908, 908 [2004]; *Matter of Buffaloe [Commissioner of Labor]*, 1 AD3d 683 [2003]). Here, claimant's failure to comply with the reasonable standards set by the district resulted in her employer's loss of the

contract with the district. Accordingly, substantial evidence supports the Board's finding that she engaged in disqualifying misconduct. Moreover, inasmuch as there is evidence that claimant inaccurately represented that her employment ended due to a lack of work, substantial evidence also supports the Board's finding that she made a willful misrepresentation to obtain benefits (*see Matter of Desir [Commissioner of Labor]*, 293 AD2d 904, 905 [2002]). We have considered claimant's remaining contentions, including her assertion that the Administrative Law Judge was biased, and find them to be without merit (*see Matter of Regnier [Commissioner of Labor]*, 260 AD2d 873, 874 [1999]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.