■ In the Matter of the Claim of DWIGHT R. BOWEN, Appellant. COMMISSIONER OF LABOR, Respondent. [797 NYS2d 659]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 31, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a shuttle driver for a package delivery business. After the employer issued two warnings to claimant concerning his poor attendance, the employer requested him to provide a written performance plan for remedying this deficiency. When claimant failed to do so, he was terminated from his position. Claimant's application for unemployment insurance benefits ultimately was denied by the Unemployment Insurance Appeal Board on the ground that he lost his employment due to misconduct. He now appeals.

We affirm. An employee's failure to comply with an employer's reasonable request may constitute disqualifying misconduct (*see Matter of Denton [Commissioner of Labor]*, 7 AD3d 869 [2004]; *Matter of Kaissar [Commissioner of Labor]*, 3 AD3d 829 [2004]). Here, the employer's response to claimant's attendance problem was reasonable and in accordance with the established policy for handling such matters. Substantial evidence supports the Board's finding that claimant's failure to provide a performance plan amounted to misconduct. Claimant's assertion that he did not know how to devise an appropriate plan is belied by the fact that he was provided a sample and, in any event, presented a credibility issue for the Board to resolve (*see Matter of Kaissar [Commissioner of Labor], supra* at 830; *Matter of Chillious [Commissioner of Labor]*, 3 AD3d 655, 656 [2004]).

Mercure, J.P., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.