In the Matter of the Claim of MARK A. TUNNE, Appellant. COMMISSIONER OF LABOR, Respondent. [801 NYS2d 103]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 9, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a security guard. After he engaged in a heated exchange over the telephone with his branch manager and then his human resources manager regarding his schedule, he was told to make an appointment with the human resources manager to discuss his employment status. Claimant failed to make such appointment and was thereafter terminated. Claimant's application for unemployment insurance benefits

was ultimately denied by the Unemployment Insurance Appeal Board on the ground that he lost his employment due to misconduct. Claimant now appeals.

We affirm. "A claimant's conduct in failing to comply with an employer's reasonable request may constitute insubordination rising to the level of misconduct" (*Matter of Holland [Commissioner of Labor]*, 292 AD2d 667, 668 [2002] [citations omitted]; *see Matter of Bowen [Commissioner of Labor]*, 20 AD3d 642, 642 [2005]; *Matter of Denton [Commissioner of Labor]*, 7 AD3d 869 [2004]). Inasmuch as the employer's request that claimant meet with the human resources manager to discuss his employment status following the dispute was reasonable and in accordance with established company policy, substantial evidence supports the Board's determination that claimant's failure to schedule such meeting amounted to disqualifying misconduct (*see Matter of Bowen [Commissioner of Labor], supra; Matter of Ramsey [Fairview Recovery Servs., Inc.—Commissioner of Labor]*, 17 AD3d 949, 950 [2005]). Claimant's allegation that he did not receive the letter containing the employer's written request is of no consequence given that he admitted at the hearing that, on the day of the dispute, the human resources manager told him that he needed to schedule such appointment.

Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.