■ In the Matter of the Claim of JANE B. STONA, Appellant. COMMISSIONER OF LABOR, Respondent. [807 NYS2d 719]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 5, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as an attorney for the Legal Aid Society of Suffolk County for 11 years. She was terminated from her position after she refused a directive by the attorney in charge to represent a criminal defendant at a grand jury proceeding. The Unemployment Insurance Appeal Board disqualified her from receiving unemployment insurance benefits on the ground that she was terminated due to misconduct. Claimant now appeals.

It is well settled that the insubordinate behavior of an employee amounting to a refusal to comply with an employer's reasonable request may constitute disqualifying misconduct (*see Matter of Tunne [Commissioner of Labor]*, 21 AD3d 1194, 1195 [2005]; *Matter of Francano [Commissioner of Labor]*, 12 AD3d 768, 768 [2004]). Here, the attorney in charge testified that after he was informed that there were no other attorneys avail-

able to cover a grand jury hearing, he instructed claimant to do so but she refused, citing the fact that she was a supervisor. He stated that, when claimant would not come to his office to discuss the matter, he terminated her. Although claimant maintained that she was not capable of providing adequate representation because she had not reviewed the client's file and had never attended a grand jury proceeding, she had considerable experience in criminal law and was familiar with the operations of the grand jury, having previously advised clients of the ramifications of testifying before it. Inasmuch as the employer's request was not unreasonable under the circumstances presented, substantial evidence supports the Board's decision. We have considered claimant's assertion that she was improperly denied the right to subpoena certain witnesses to testify at the administrative hearing and find it to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.