■ In the Matter of the Claim of NANCY A. SCHREIBER, Appellant. COMMISSIONER OF LABOR, Respondent. [810 NYS2d 554]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked for a school district as a teacher's aide and bus monitor. Part of her duties included accompanying a disabled student on the bus between the hours of 8:00 A.M. and

10:00 A.M. When such student was not on the bus, claimant was to report to the assistant superintendent's office for reassignment. The student was not on the bus on February 2 or 3, 2004, but claimant did not obtain a reassignment. Rather, on February 2, 2004, she waited outside the assistant superintendent's office for 20 minutes and then went to a first grade classroom and, on February 3, 2004, she went to the faculty lounge where she had a snack and then proceeded to the computer room where she checked e-mail and gathered information on discrimination. Claimant was terminated as a result and thereafter applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board denied her claim on the basis that she was terminated due to misconduct. Claimant appeals.

We affirm. The failure to comply with an employer's reasonable request may constitute disqualifying misconduct (see Matter of Bowen [Commissioner of Labor], 20 AD3d 642 [2005]; Matter of Pearlstein [Engstrand—Commissioner of Labor], 16 AD3d 947, 947 [2005]). It is undisputed that claimant did not report to the office as required on the dates in question and, on at least one of those dates, engaged in activities of a personal nature. In view of this, we find that substantial evidence supports the Board's decision.

Cardona, P.J., Crew III, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.