■ In the Matter of the Claim of KAMILAH N. GRANT, Appellant. COMMISSIONER OF LABOR, Respondent. [819 NYS2d 355]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 6, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as a family monitor for an agency which provided housing and support for homeless families. Claimant's employment was terminated when her supervisors became aware that she had been using one of the agency's clients as a babysitter and had provided that client with crack cocaine to sell to other clients. Following a hearing, an Administrative Law Judge, among other things, disqualified claimant from receiving unemployment insurance benefits because she was terminated due to misconduct. Upon administrative review, the Unemployment Insurance Appeal Board upheld the determination, prompting this appeal by claimant.

We affirm. It is well settled that an employee's failure to comply with an employer's established policies which may be detrimental to the interests of the employer may constitute disqualifying misconduct (*see Matter of Ochs [Commissioner of Labor]*, 21 AD3d 1196, 1197 [2005]; *Matter of Oberferst [Commissioner of Labor]*, 17 AD3d 902, 902 [2005]; *Matter of Kaissar [Commissioner of Labor]*, 3 AD3d 829, 830 [2004]). The hearing testimony of the client involved and that of claimant's supervisors provide substantial evidence supporting the Board's determination that claimant engaged in the above-described activities. Moreover, these activities clearly violate the employer's policies which prohibit employees from establishing personal or private relationships with clients that could be detrimental to either the client's or the employer's interests.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.