■ In the Matter of the Claim of MIRIAM SNYDER, Appellant. COMMISSIONER OF LABOR, Respondent. [822 NYS2d 165]—

Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 4, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

In December 2002, claimant's employment as a teacher in the Yonkers City School District was terminated for insubordination. Claimant filed a claim for unemployment insurance benefits in April 2003 and, due to the fact that erroneous employer information had been inadvertently recorded, she was paid benefits. In December 2003, claimant secured employment with another employer and worked there until April 2004, at which time she filed another claim for benefits.

Thereafter, the Department of Labor issued initial determinations that claimant was disqualified from receiving unemployment insurance benefits because her employment with the District had been terminated due to misconduct and that claimant was ineligible to receive benefits because she was unable to file a valid original claim pursuant to Labor Law § 527. After a hearing, an Administrative Law Judge overruled the initial determinations. The employer appealed and the Unemployment Insurance Appeal Board reversed. Claimant now appeals.

We affirm. First, there is substantial evidence to support the Board's determination that claimant's employment with the District was terminated due to misconduct. The record establishes that, in December 2002, after claimant refused several requests to attend meetings with school officials to discuss her performance, the officials and two union representatives confronted claimant in her classroom. Claimant began to tape

record the meeting and, although she was twice told to stop, claimant refused to do so. Inasmuch as the requests to attend the meetings and the request to stop recording the meeting in her classroom were reasonable, claimant's failure to comply constitutes disqualifying misconduct (*see Matter of Schreiber [Commissioner of Labor]*, 27 AD3d 871 [2006]; *Matter of Glinski [Radio Shack Corp.—Commissioner of Labor]*, 21 AD3d 1201, 1202 [2005]).

Further, the Board's determination that claimant was unable to file a valid original claim is also supported by substantial evidence (*see Matter of Mazurkiewicz [Commissioner of Labor]*, 13 AD3d 770, 771 [2004]). The record establishes that claimant did not have sufficient earnings in her base period or an alternative base period to meet the remuneration requirements of Labor Law § 527. The wages paid by the District in her base period were excluded due to her termination for misconduct and, in her alternate base period, with her earnings from the District excluded, claimant did not have earnings in at least two quarters and did not earn more than $1,600 (*see* Labor Law §§ 520, 527, 593; *Matter of Rodriguez [New York City Dept. of Educ.—Commissioner of Labor]*, 24 AD3d 934 [2005]; *Matter of Badrajan [Commissioner of Labor]*, 275 AD2d 830 [2000]).

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.