In the Matter of the Claim of ANDRES JAQUEZ, Appellant. COMMISSIONER OF LABOR, Respondent. [907 NYS2d 336]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 17, 2009, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his position as a jewelry polisher after he failed to notify his employer that he would be absent from work between July 24, 2007 and July 27, 2007 and did not report to work during this time period. On his application for unemployment insurance benefits, he represented that he was discharged due to a lack of work. Following extended proceedings, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. The Board further found that claimant made a

willful misrepresentation to obtain benefits and imposed a forfeiture penalty. Claimant appeals.

We affirm. A claimant's unauthorized absence from work (*see Matter of Iskhakov [Commissioner of Labor]*, 11 AD3d 872, 873 [2004]; *Matter of Owens [Commissioner of Labor]*, 306 AD2d 608, 609 [2003]) and failure to comply with workplace policies concerning notification of absences (*see Matter of Garrett [Commissioner of Labor]*, 67 AD3d 1160, 1161 [2009]) have been held to constitute disqualifying misconduct. Here, claimant stated that he contacted the employer on July 23, 2007 to advise that he would not be reporting to work, but failed to do so between July 24, 2007 and July 27, 2007 during which time he was also absent. Evidence was presented that the employer had a policy requiring employees to provide notification of the dates of their absences and that claimant was aware of this policy but did not follow it during the time period in question. To the extent that claimant gave conflicting testimony, this presented an issue of credibility for the Board to resolve (*see Matter of Ferrar [Commissioner of Labor]*, 10 AD3d 766, 767 [2004]). Accordingly, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. Furthermore, insofar as claimant incorrectly stated on his application that he lost his job due to a lack of work, substantial evidence also supports the Board's finding that claimant made a willful misrepresentation to obtain benefits (*see Matter of Kearns [Commissioner of Labor]*, 65 AD3d 1416, 1417 [2009]; *Matter of Stefani K. [Commissioner of Labor]*, 17 AD3d 902 [2005]).

Cardona, P.J., Rose, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.