In the Matter of the Claim of CESAR ROSA, Appellant. COMMISSIONER OF LABOR, Respondent. [968 NYS2d 651]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 24, 2012, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant, a full-time custodian for a child care center, requested vacation leave to perform charity work in Haiti after first stopping in the Dominican Republic, his native country. Claimant was initially granted vacation leave from February 25, 2010 until March 18, 2010. During this period, claimant telephoned his supervisor seeking to extend his vacation and his supervisor testified that this request was approved through March 30, 2010. Nevertheless, claimant failed to report for work on April 1, 2010 or contact the employer about his absence. On April 7, 2010, claimant's supervisor sent him a letter indicating that, although claimant abandoned his full-time position due to his actions, he could continue to work part time if he returned by April 12, 2010. Claimant did not return from the Dominican Republic until April 13, 2010, and he ultimately informed his supervisor that he would not work part time. Claimant thereafter contested his discharge under the collective bargaining agreement and, following an evidentiary hearing at which claimant was represented by counsel, an arbitrator concluded that there was just cause for his termination. The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits on the basis that he lost his employment due to misconduct, prompting this appeal.

We affirm. "Inasmuch as there was a full and fair opportunity to litigate the issue in the prior proceeding, collateral estoppel effect must be given to the arbitrator's factual findings regarding claimant's misconduct" (*Matter of Redd [Commissioner of Labor]*, 98 AD3d 791, 791 [2012], *lv denied* 20 NY3d 857 [2013] [internal quotation marks and citations omitted]; *see Matter of Mordukhayev [Commissioner of Labor]*, 104 AD3d 1005, 1006 [2013]). Here, our review confirms that the Board properly took into account the arbitrator's factual findings regarding claimant's actions and made "an independent evaluation as to whether that conduct constitutes 'misconduct' for the purposes of unemployment insurance" (*Matter of Nwaozor [City of New York—Commissioner of Labor]*, 82 AD3d 1475, 1475 [2011]). It is well settled that an employee's unauthorized absence from work may constitute disqualifying misconduct (*see Matter of Jaquez [Commissioner of Labor]*, 75 AD3d 1038, 1039 [2010];

*Matter of Almanzar [Commissioner of Labor]*, 65 AD3d 1418, 1418 [2009]). Under the circumstances presented herein, the Board's finding of misconduct is supported by substantial evidence in the record (*see Matter of Samuel [Commissioner of Labor]*, 97 AD3d 886, 887 [2012]; *Matter of Rivers [Carbone Auto Group—Commissioner of Labor]*, 77 AD3d 1010, 1011 [2010]).

Rose, J.P., Stein, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.