*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    520209
_____

In the Matter of the Claim of
    WAHID A. BAKIR,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  May 5, 2015

Before:  Lahtinen, J.P., Egan Jr., Rose and Clark, JJ.

                    _____


        Lianne S. Pinchuk, Albany County Bar Association, Albany,
for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Bessie Bazile of counsel), for respondent.

                    _____


        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed March 5, 2014, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because his employment was terminated due to misconduct.

        Claimant worked for the employer as a truck driver for
approximately 10 weeks.  While he was making a delivery to one of
the employer's major customers, he was asked to shut off his
truck engine at the gate in accordance with the customer's
policy.  Having experienced some mechanical problems with the
truck, claimant refused to do so and was directed to leave the
customer's premises.  The customer complained to claimant's
supervisor, who later confronted claimant about the incident.
According to the supervisor, claimant became hostile and
argumentative during their discussion and indicated that he would
not comply with the customer's policy.  His employment was

terminated as a result. Claimant's application for unemployment insurance benefits was denied and the denial was upheld by an Administrative Law Judge following a hearing. The Unemployment Insurance Appeal Board agreed that claimant had engaged in disqualifying misconduct and affirmed the Administrative Law Judge's decision. Claimant now appeals.

We affirm. Behavior that is contrary to established policies and detrimental to an employer's interest has been found to rise to the level of misconduct disqualifying a claimant from receiving unemployment insurance benefits (see Matter of Bastian [Commissioner of Labor], 19 AD3d 915, 916 [2005]; Matter of Chillious [Commissioner of Labor], 3 AD3d 655, 655-656 [2004]). Here, it is undisputed that claimant refused to comply with the customer's policy of shutting off his truck engine and indicated his unwillingness to do so even after being counseled by his supervisor. Inasmuch as the customer was one of the employer's major clients, claimant's conduct was clearly detrimental to the employer's interest. In view of this, and given claimant's disrespectful attitude toward his supervisor, we find that substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. We have considered claimant's remaining contentions and find them to be unpersuasive.

Lahtinen, J.P., Egan Jr., Rose and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court