◼ In the Matter of the Claim of JACQUELINE SEELY, Appellant. RECONSTRUCTION HOME, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [692 NYS2d 828] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 2, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was discharged from her employment as a full-time charge nurse in a nursing home after she engaged in a nonemergency personal telephone call lasting in excess of 30 minutes while she was on duty dispensing medication in violation of the employer's policy. Inasmuch as claimant previously had received verbal and written warnings regarding her failure to comply with this policy, we find that substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant lost her employment under disqualifying circumstances. It is well settled that employee behavior that is detrimental to an employer's interest and persists despite repeated warnings can be construed as disqualifying miscon-

duct (*see, Matter of Depena [Commissioner of Labor]*, 249 AD2d 611, 611-612). To the extent that claimant asserts that the telephone call in question constituted an emergency call and, hence, did not violate the employer's policy, such assertion merely raised an issue of credibility for resolution by the Board (*see, Matter of Boyle [Sweeney]*, 247 AD2d 809). Claimant's remaining arguments have been examined and found to be unpersuasive.

Mikoll, J. P., Crew III, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.