■ In the Matter of the Claim of PETER A. BLAKE, Appellant. COMMISSIONER OF LABOR, Respondent. [768 NYS2d 417]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 6, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a police officer by the New York City Police Department from 1991 to 2002. He was placed on dismissal probation status for one year as the result of an incident in 1999, when, during his off-duty hours, he drove his motor vehicle through three red lights and then failed to comply with a police officer's order to pull over. While still on dismissal probationary status, claimant, in his capacity as the landlord of a multi-unit building, removed the door, appliances and fixtures from an apartment while it was still leased to a tenant. After the police were called by the tenant, claimant refused a police supervisor's order to replace the door on the apartment so that the tenant would be able to secure her possessions.* Claimant was thereafter discharged from his position as a police officer, based upon his refusal to comply with the orders of on-duty police personnel.

Substantial evidence supports the Unemployment Insurance Appeal Board's decision that claimant lost his employment under disqualifying circumstances. An employee's refusal to comply with a reasonable order may constitute disqualifying misconduct (*see Matter of Shabazz-Allah [College of New Rochelle—Sweeney]*, 247 AD2d 749, 750 [1998]), particularly when the claimant has already been placed on probationary status for similar conduct, as was the case in this matter (*see Matter of Godinez [Commissioner of Labor]*, 276 AD2d 1012 [2000], *lv denied* 96 NY2d 701 [2001]). Claimant's contrary version of the events precipitating his dismissal raised issues of credibility for resolution by the Board (*see Matter of Jackson [Commissioner of Labor]*, 275 AD2d 826 [2000], *lv denied* 95 NY2d 769 [2000]). The remaining contentions at issue herein have been reviewed and found to be unpersuasive.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Claimant was arrested for unlawful eviction but the criminal charge was subsequently dismissed.