█ In the Matter of the Claim of GERARD E. THOMAS, Appellant. COMMISSIONER OF LABOR, Respondent. [784 NYS2d 250]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 3, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as an environmental technician for arriving late to work and not accurately reflecting such tardiness on his time sheet. The record establishes that claimant had been counseled regarding his failure to comply with workplace policies and was advised that his adherence to all of the employer's policies was required. Furthermore, claimant received the employee handbook at the time he was hired and, prior to arriving late, claimant also was given a general policy memorandum which reminded employees about the tardiness policy and how to properly record such late arrivals on one's time sheets. Inasmuch as falsification of time records (*see Matter of Sonzogni [Gilmor Glassworks—Commissioner of*

*Labor]*, 301 AD2d 939 [2003]; *Matter of Du Bois [Mellon Found.—Commissioner of Labor]*, 282 AD2d 858 [2001]) and failure to comply with known workplace policies (*see Matter of Granek [Commissioner of Labor]*, 262 AD2d 680, 680-681 [1999]) can constitute disqualifying misconduct, substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was disqualified from receiving unemployment insurance benefits. Furthermore, upon our review of the record, we are unpersuaded by claimant's assertion that the manner in which the hearing was conducted deprived him of the right to a fair hearing. Claimant's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.