In the Matter of the Claim of MYRLANDE VOLMAR, Appellant. COMMISSIONER OF LABOR, Respondent. [806 NYS2d 313]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 2004, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a nursing assistant at a hospital and her duties included changing the clothing and bedding of incontinent patients. During one of claimant's shifts, she was instructed by her supervisor to change four patients who had called for assistance. Claimant changed one, but went on her break without changing the others. She was terminated as a result. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that she was terminated due to misconduct and adhered to this decision upon reconsideration. Claimant now appeals.

We affirm. We note that an employee's acts of insubordination consisting of the failure to complete work assignments as directed may constitute disqualifying misconduct (*see Matter of Swinton [Commissioner of Labor]*, 22 AD3d 947, 948 [2005]; *Matter of Goodrich [Raymond Corp.—Commissioner of Labor]*, 301 AD2d 720, 720 [2003]). Here, substantial evidence supports the determination of the Board that, despite previous warnings concerning her insubordinate behavior, claimant disregarded her supervisor's directive to change the patients before going on her break. Her testimony to the contrary and claim that she was terminated due to her health status presented credibility issues for the Board to resolve (*see Matter of Spencer [Commissioner of Labor]*, 22 AD3d 1010, 1010 [2005]).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.