◼ In the Matter of the Claim of ROCHELLE A. ODDO, Appellant. LEE PUBLICATIONS, Respondent; COMMISSIONER OF LABOR, Respondent. [820 NYS2d 671]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 30, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as an education reporter for a newspaper for 15 months. She was discharged after two e-mails that were disparaging and harassing to the publisher and editor of the newspaper were sent to employees from claimant's home computer. This was in violation of the employer's policy concerning decency in communications. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that her employment was terminated due to misconduct. Claimant appeals.

We affirm. Initially, we note that an employee's failure to adhere to an employer's policies which is, in turn, detrimental to the employer's interest has been found to constitute disqualifying misconduct (*see Matter of Ochs [Commissioner of Labor]*, 21 AD3d 1196, 1197 [2005]; *Matter of Sheehan [Commissioner of Labor]*, 268 AD2d 856, 856 [2000]). Here, it is undisputed that e-mails which were violative of the employer's policy and adverse to its interest were sent from an Internet e-mail account at claimant's home. Although claimant denied that she sent the e-mails and claimed not to know who did, this presented a credibility issue for the Board to resolve (*see Matter of Seely [Reconstruction Home, Inc.—Commissioner of Labor]*, 263 AD2d 650, 650-651 [1999]). Notwithstanding the fact that criminal charges were apparently brought against claimant's husband as the sender of the e-mails subsequent to the unemployment insurance proceedings, such evidence was not before the Board. Consequently, we find no reason to disturb the Board's decision.

Cardona, P.J., Mercure, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.