■ In the Matter of the Claim of DUDLEY P. GILBERT, Respondent. DIVISION OF NEW YORK STATE POLICE, Appellant; COMMISSIONER OF LABOR, Respondent. [831 NYS2d 559]—

Cardona, P.J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 28, 2005, which ruled that claimant was entitled to receive unemployment insurance benefits.

On November 9, 2004, claimant, a State Trooper, was involved in a one-vehicle accident while off duty, prior to which he had been drinking alcohol. His alcohol consumption, combined with the uncooperative behavior he exhibited toward local police officers investigating the incident, was deemed "completely inappropriate and violat[ive of] State Police Regulations," which prohibit conduct "tending to bring discredit upon the Division [of New York State Police]" (*see* New York State Police Administrative Manual, regulation 8A8). Consequently, claimant, who accepted his penalty without protest, was formally censured, suspended without pay for 15 days and placed on probationary status for the six-month period between

February 1, 2005 and August 1, 2005. Nonetheless, on May 26, 2005, again while off duty, claimant was involved in a two-car accident after admittedly consuming alcohol. Claimant refused a chemical test to determine his blood alcohol content and was arrested for driving under the influence of alcohol. Following an internal investigation of that incident by the State Police, claimant's employment was terminated. He was later acquitted of the driving under the influence charge.

Claimant's subsequent application for unemployment insurance benefits was initially denied on the basis that his discharge for misconduct precluded his eligibility for such benefits. That determination was overturned by an Administrative Law Judge who ruled, primarily due to claimant's acquittal of the driving under the influence charge, that his behavior had not risen to the level of disqualifying misconduct. The Unemployment Insurance Appeal Board affirmed that decision, prompting this appeal by the employer.

The determination of whether an employee was terminated for misconduct is a factual question for the Board to resolve, however, there must be substantial evidence in the record to support the Board's decision. Based upon our review of this record, we do not find substantial evidence supporting the Board's determination that claimant's discharge was not a result of disqualifying misconduct. Specifically, while it is true that a finding of misconduct cannot be premised upon an arrest alone (*see e.g. Matter of Weigand [Nassau County Civil Serv. Commn.—Commissioner of Labor]*, 259 AD2d 824 [1999]; *Matter of Benjamin [Hartnett]*, 175 AD2d 936 [1991]), "[a]n employee's willful disregard of standards of behavior that an employer has a right to expect in connection with the employment involved . . . constitute[s] misconduct" (*Matter of Ladner [City of New York—Commissioner of Labor]*, 254 AD2d 563, 564 [1998]). Such behavior is particularly egregious where, as here, "the claimant has already been placed on probationary status for similar conduct" (*Matter of Blake [Commissioner of Labor]*, 2 AD3d 1035, 1036 [2003]).

Here, the employer indicated at the hearing that claimant's conduct in, among other things, getting behind the wheel of a car after drinking alcohol while on probation and then refusing to take a chemical test constituted unsatisfactory conduct warranting his dismissal. Indeed, claimant himself, who could not recall the precise quantity of alcohol he had consumed on the evening he was arrested, admitted that "[he did] know that as a Trooper that [one] should not drink and drive." Under these particular circumstances, the Board's conclusion that claimant's

actions did not rise to the level of disqualifying misconduct is not supported by substantial evidence in this record.

Mercure, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.