■ In the Matter of the Claim of BRYAN R. MOSHER, Respondent. CITY OF BATAVIA, Appellant; COMMISSIONER OF LABOR, Respondent. [839 NYS2d 262]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 28, 2006, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant worked as a police officer for the City of Batavia from 2004 until his suspension in October 2005, after which he applied for unemployment insurance benefits. He officially resigned from his position in December 2005. The Department of Labor issued an initial determination finding claimant ineligible to receive benefits because his employment was terminated due to misconduct. Following a hearing, an Administrative Law Judge overruled the initial determination, finding that claimant's actions did not constitute disqualifying misconduct.

The Unemployment Insurance Appeal Board affirmed the decision. The employer now appeals.

"The determination of whether an employee was terminated for misconduct is a factual question for the Board to resolve, however, there must be substantial evidence in the record to support the Board's decision" (*Matter of Gilbert [Division of N.Y. State Police—Commissioner of Labor]*, 38 AD3d 961, 962 [2007]). In this case, although the employer testified to a lengthy list of infractions of police department policies and procedures, the Administrative Law Judge determined that claimant was eligible for unemployment insurance benefits because there did not appear to be a single, discreet incident of misconduct which formed the basis of his termination. It is well settled, however, that "employee behavior that is detrimental to an employer's interest and persists despite repeated warnings can be construed as disqualifying misconduct" (*Matter of Seely [Reconstruction Home, Inc.—Commissioner of Labor]*, 263 AD2d 650, 650 [1999]; *see Matter of Rivera [Schapiro's Formal Shop—Commissioner of Labor]*, 294 AD2d 635 [2002]; *Matter of Dowe [Mount Sinai Hosp.—Commissioner of Labor]*, 272 AD2d 711 [2000]). Here, the police chief's testimony established that claimant was counseled numerous times regarding violations of the police department's rules and regulations, had previously received a one-day suspension for tardiness, and was sent for additional training, which failed to alleviate the deficiencies in his performance.

In addition, we find that the notice of discipline issued to claimant cited numerous examples of disqualifying misconduct, including, among other things, repeatedly reporting late for duty, falsifying a time sheet (*see Matter of Thomas [Commissioner of Labor]*, 12 AD3d 810 [2004]), inappropriately using radio transmissions and disobeying a direct order to handle a felony complaint before leaving work (*see Matter of Volmar [Commissioner of Labor]*, 24 AD3d 1155, 1156 [2005]; *Matter of Swinton [Commissioner of Labor]*, 22 AD3d 947, 948 [2005]). Based upon our review of the record, we do not find substantial evidence to support the Board's conclusion that claimant was entitled to receive unemployment insurance benefits.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.