■ In the Matter of the Claim of Nicole Brimage, Appellant. Commissioner of Labor, Respondent. [940 NYS2d 342]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 25, 2010, which, upon reconsideration, ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Claimant was discharged from her employment at a nursing home for allegedly falsely representing on her employment application that she had never been convicted of a crime. Specifically, a fingerprint background check by the employer with the Department of Health indicated that claimant had previously been convicted of a misdemeanor in California in 1992. At the ensuing hearing, claimant denied ever being charged or arrested while she lived in California and asserted that she was not the person named in the background check. Thereafter, the Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that she lost her employment due to misconduct; however, the Board later remitted the matter so that further proof could be taken regarding claimant's allegation of mistaken identity, as well as the issue of whether the alleged charge against her was considered a crime or infraction in California. Following the remittal, the Board, among other things, rescinded its prior decision but nonetheless concluded that claimant lost her employment due to disqualifying misconduct. This appeal ensued.

Substantial evidence supports the Board's determination that claimant is disqualified from receiving unemployment insurance

benefits because she lost her job for entering false information on her employment application (*see Matter of Miller [Albany Hous. Auth.—Commissioner of Labor]*, 50 AD3d 1432, 1433 [2008]). Claimant's assertion that she was never charged or convicted of anything in California created a credibility issue that the Board had the authority to resolve against her (*see Matter of Zaydman [Roman Roytberg, Inc., P.C.—Commissioner of Labor]*, 87 AD3d 1192, 1193 [2011]). As for the issue concerning the nature of the 1992 conviction, evidence exists to support the Board's ruling that the conviction was for a crime. The fact that there may also be proof that could support a contrary result is not dispositive (*see Matter of Johnson [Commissioner of Labor]*, 83 AD3d 1314, 1314 [2011]).

Peters, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.