Matter of Weinstein (City of New York Dept. of Citywide Admin. Servs.--Commr. of Labor) (2018 NY Slip Op 03576)





Matter of Weinstein (City of New York Dept. of Citywide Admin. Servs.--Commr. of Labor)


2018 NY Slip Op 03576


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

524560

[*1]In the Matter of the Claim of FRED WEINSTEIN, Respondent.
and
CITY OF NEW YORK DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: April 25, 2018

Before: Garry, P.J., Lynch, Clark, Aarons and Rumsey, JJ.


Zachary Carter, Corporation Counsel, New York City (Melanie T. West of counsel), for appellant.
David E. Woodin, Catskill, for Fred Weinstein, respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 26, 2016, which ruled that claimant was entitled to receive unemployment insurance benefits.
Claimant began employment as a sanitation worker for the City of New York on September 15, 2014. His employment was terminated in September 2015 after it was discovered that he had provided false information on his employment application. Claimant's application for unemployment insurance benefits was initially denied by the Department of Labor on the ground that
his employment was terminated for misconduct, but an Administrative Law Judge (hereinafter ALJ) reversed the denial following a hearing and awarded benefits. The Unemployment Insurance Appeal Board affirmed the ALJ's determination, and the employer appeals.
"The determination of whether an employee was terminated for misconduct is a factual question for the Board to resolve, however, there must be substantial evidence in the record to support the Board's decision (Matter of Gilbert [Division of N.Y. State Police-Commissioner of Labor], 38 AD3d 961, 962 [2007], lv denied 8 NY3d 815 [2007]; accord Matter of Mosher [City of Batavia-Commissioner of Labor], 41 AD3d 1005, 1006 [2007]). A false representation on an [*2]employment application regarding whether a claimant has ever been convicted of a crime can constitute disqualifying misconduct on a claim for unemployment insurance benefits (see Matter of Brimage [Commissioner of Labor], 93 AD3d 1010, 1011 [2012]; Matter of Redden [Commissioner of Labor], 277 AD2d 629, 630 [2000]). Here, the Board adopted the finding of the ALJ that claimant had falsified his job application by answering no when asked if he had ever been convicted of a felony or misdemeanor when, in fact, he had been previously convicted of two felonies and six misdemeanors. The Board concluded, however, that claimant's false representation did not disqualify him from receiving unemployment insurance benefits due to the length of time that the employer took in taking action against him.
Although it is not entirely clear from the record when the employer first learned of claimant's criminal history, the employer was aware no later than March 2015 that claimant had falsely represented that history, and claimant was terminated in September 2015. The individual who investigated claimant's application for the employer testified that the length of time between the filing of the application and the termination was not excessive because of the large amount of applications for employment for the City of New York that must be investigated and the employer's policy to provide an opportunity for the employee/applicant to respond to any information uncovered by the investigation before taking action. In our view, the length of time taken by the employer prior to taking action against claimant, under these circumstances, should not have been a factor in determining whether claimant's false representations constituted disqualifying misconduct (see Matter of Corrar [Human Resources Admin. of City of N.Y.-Hartnett], 145 AD2d 763, 764 [1988]). In view of the foregoing, we find that substantial evidence does not support the Board's decision that claimant was entitled to receive unemployment insurance benefits and it must be reversed.
Garry, P.J., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.