Matter of Atanov v County of Ulster (2021 NY Slip Op 05911)





Matter of Atanov v County of Ulster


2021 NY Slip Op 05911


Decided on October 28, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 28, 2021

532010
[*1]In the Matter of Artur Atanov, Petitioner,
v
County of Ulster, Respondent.

Calendar Date:September 17, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.

Daren J. Rylewicz, Civil Services Employees Association, Inc., Albany (Scott Lieberman of counsel), for petitioner.
Clinton Johnson, County Attorney, Kingston (Kristin Gumaer of counsel), for respondent.



Garry, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent terminating petitioner's employment.
In February 2015, respondent hired petitioner as a probation officer. In January 2018, petitioner was involved in a domestic incident with his then-girlfriend at their shared residence in the City of Kingston, Ulster County. In connection with that incident, petitioner was arrested and charged with unlawful imprisonment in the second degree, criminal mischief in the fourth degree and criminal obstruction of breathing or blood circulation. More than a year later, in satisfaction of all charges, petitioner pleaded guilty to a single violation of harassment in the second degree and was sentenced to a conditional discharge.
Meanwhile, two days after the incident and one day after petitioner's arrest, respondent commenced a disciplinary proceeding against petitioner, pursuant to Civil Service Law § 75, preferring three charges that alleged misconduct as evidenced by petitioner's arrest. The specifications of those charges alleged that petitioner, among other things, impeded the girlfriend's breathing by grabbing her by the neck and applying pressure, restrained and prevented the girlfriend from leaving the residence, withheld the girlfriend's cell phone from her to prevent her from calling 911, violated the employer's code of conduct and violated petitioner's obligations as a peace officer. Following an August 2019 hearing, a Hearing Officer issued a report and recommendation that denied petitioner's motion to dismiss the charges, found him guilty of all but one specification on one charge, and recommended a penalty of termination. Respondent adopted the Hearing Officer's findings and terminated petitioner's employment.
Petitioner commenced this CPLR article 78 proceeding, contending that the charges were facially insufficient, respondent's determination was not supported by substantial evidence and the penalty of termination was shocking to one's sense of fairness. After respondent answered, Supreme Court (Fisher, J.) found that the charges were facially sufficient and, concluding that the remaining arguments raised questions of substantial evidence, transferred the matter to this Court pursuant to CPLR 7804 (g).
Petitioner first contends that the charges, as specified, fail to allege actionable misconduct because the presumption of innocence precludes the assertion of disqualifying misconduct based solely on an arrest. Each charge cites to "[m]isconduct as evidenced by [petitioner's] arrest . . . for multiple misdemeanors related to a domestic dispute." However, as indicated by the written specifications, the charges are not based merely on petitioner's arrest, but are properly based on the circumstances and his actions that resulted in his arrest (see Matter of McKenzie v Board of Educ. of the City Sch. Dist. of Albany, 100 AD3d 1096, [*2]1098 [2012]; see also Matter of Gilbert [Division of N.Y. State Police-Commissioner of Labor], 38 AD3d 961, 962 [2007], lv denied 8 NY3d 815 [2007]). As the notice of charges reasonably apprised petitioner of the claims being made such that he could prepare an adequate defense (see Matter of McKenzie v Board of Educ. of the City Sch. Dist. of Albany, 100 AD3d at 1098), Supreme Court properly concluded that the charges were facially sufficient.
Petitioner's argument that the charges are duplicitous is unpreserved for court review, as he failed to raise it in the administrative proceeding (see Malta Props. 1, LLC v Town of Malta, 143 AD3d 1142, 1144 n [2016]; see also People v Fiacco, 172 AD2d 994, 996 [1991], lv denied 78 NY2d 965 [1991]). Petitioner asserts that the Hearing Officer improperly relied on statutes, regulations, the Ulster County Probation Department's Code of Conduct and a City of Kingston Police Department file that were not admitted into evidence. Applicable law is not evidentiary material that must be entered into the record; statutory law directs that courts shall take judicial notice, without request, of state statutes and regulations (see CPLR 4511 [a]; Gessin v Throne-Holst, 134 AD3d 31, 35 [2015], appeal dismissed 26 NY3d 1094 [2016]). Thus, the Hearing Officer could rely on statutes and regulations without admitting them into evidence at the hearing.
As for the Code of Conduct and police file, respondent submitted an affirmation from its counsel averring that these documents were entered into evidence without objection during an off-the-record "housekeeping" discussion at the close of the hearing. Respondent also submitted an affirmation from the Hearing Officer stating his recollection that the documents were entered into evidence without objection during the proceedings. The Hearing Officer's report and recommendation lists the police file as additional evidence received at the hearing. Petitioner's counsel submitted an affirmation disagreeing that these documents were entered into evidence and averring that he would have objected to their admission had they been offered. Neither the hearing transcript nor its index of exhibits reveals that the Code of Conduct or police file were identified as exhibits or entered into evidence.
The administrative body or officer whose decision is under review is required to file with Supreme Court "a certified transcript of the record of the proceedings under consideration," and that court "may order the body or officer to supply any defect or omission in the . . . transcript" (CPLR 7804 [e]). Where the substantial evidence issue is raised, Supreme Court "shall first dispose of such other objections as could terminate the proceeding . . . without reaching the substantial evidence issue" (CPLR 7804 [g]). When a CPLR article 78 proceeding comes before this Court, it "shall dispose of all issues in the proceeding, or, if the papers are insufficient, it may remit the proceeding[*3]" (CPLR 7804 [g]). Here, the petition asserted that the Hearing Officer and respondent improperly considered documents that were neither offered nor accepted as evidence at the hearing. Thus, Supreme Court should have addressed what evidence was properly in the record on review prior to transferring the substantial evidence issue to this Court (see CPLR 7804 [g]). Accordingly, we withhold decision and remit to Supreme Court to settle the record by determining which documents were admitted in evidence before the Hearing Officer, as only evidence admitted at the hearing may be considered by respondent and the courts (see Matter of Margolin v Newman, 130 AD2d 312, 316-317 [1987], appeal dismissed 71 NY2d 844 [1988]).
Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ADJUDGED that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.