■ In the Matter of the Claim of CLYDE SLADE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 27, 1972, which determined that claimant was ineligible from receiving benefits effective October 12, 1971, on the ground that his loss of employment was due to misconduct in connection therewith. Claimant, an auto mechanic employed by a bakery, was discharged on October 11, 1971 when he was seen leaving the plant with two loaves of bread. There had been a number of thefts in the plant, and the employer had posted signs to the effect that anyone caught stealing would be discharged forthwith. Claimant protested his dismissal and, pursuant to his union's collective bargaining agreement, the issue was submitted to binding arbitration. On February 14, 1972 the State Mediation Board determined that the penalty of discharge was too severe, and restored him to his position without loss of seniority rights imposing a disciplinary suspension with total loss of pay from October 11, 1971 to the date of reinstatement, which was set at five days after receipt of the determination. When claimant applied for reinstatement, there was no work available since the company was going out of business. After a hearing, the Referee determined that claimant's loss of employment was due to misconduct in connection therewith. On appeal the board affirmed the Referee's determination. On this appeal, claimant contends that this determination is erroneous in that the Referee and the board failed to properly consider the effect of the arbitration award which set aside claimant's discharge. The board was required to consider the award of the State Mediation Board which was binding upon both the employer and employee. This award in effect abrogated claimant's discharge. Thus, as a matter of law, claimant was never discharged, but instead was suspended. Since claimant, as a matter of law, was not discharged by the employer, the board could not predicate its determination upon a loss of employment through misconduct in connection therewith. Upon claimant's reinstatement, there being no work available, he became unemployed and eligible for benefits. There is, therefore, no substantial evidence on the present record to support the board's determination. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Main, JJ., concur.

■ In the Matter of the Claim of KATHLEEN HALLORAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. — Decision affirmed, without costs. (See *Matter of Deitchman* [*Catherwood*], 34 A D 2d 718.) Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.