■   In the Matter of the Claim of ROLAND MAYE, Appellant. ALLEGHENY LUDLUM STEEL CORPORATION, Respondent; LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 2, 1974, which determined claimant ineligible to receive benefits on the ground his loss of employment was due to employment-related misconduct. Claimant worked for Allegheny Ludlum Steel Corp. and was discharged on June 15, 1974 for violating a company rule prohibiting an employee from being on the company's premises other than during his regular working shift without permission. His discharge was appealed to arbitration pursuant to a collective bargaining agreement between the parties. On August 26, 1974 the arbitrator made his award, finding that the penalty of discharge was too severe and ordered claimant reinstated with one-half back pay. While claimant was also charged with stealing, the arbitrator found that the evidence failed to establish it. In the interim, on August 19, 1974, after a hearing, a Labor Department referee found that claimant had violated the employer's work rule and such conduct constituted misconduct. He further found that, under such circumstances, claimant was ineligible to receive unemployment benefits. The denial of benefits was based solely on the violation of the company rule. At both hearings claimant denied being on the company's premises without permission at any time. Claimant, in substance, contends that the award of the arbitrator is binding on the board and, since his discharge was not justified, he is entitled to benefits. We considered a similar problem in *Matter of Slade (Levine)* (41 AD2d 800, affd. 34 NY2d 919) and concluded that the arbitrator's award was binding on both the employer and the employee. Unlike *Slade,* however, claimant in the instant case was reinstated and able to return to work, whereas in *Slade,* there was no work available. Furthermore, and again unlike *Slade,* claimant received half pay for the suspended period. Consequently, claimant was ineligible for benefits and the board's determination should not be disturbed. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.