■ In the Matter of the Claim of MARY McNEIL, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 1975, which modified and affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner holding that claimant was disqualified from receiving benefits. Claimant worked for a clothing manufacturer for approximately eight years until June 6, 1973. On that day, the plant manager changed the position of a fan which precipitated an argument between claimant and the manager. A notice had previously been posted that employees would be suspended for abusive conduct towards the management. Although claimant denied using abusive language, such a matter is a question of fact for resolution by the board *(Matter of Klapper [Catherwood]*, 29 AD2d 592). Claimant refused to return to work at the conclusion of the suspension period because the employer would not remove the charge of misconduct from her employment record. In support of her position, claimant submitted letters from several of her immediate supervisors including the comptroller of the employer-corporation who stated that claimant was dismissed from her employment based upon statements made by the plant manager. He further stated that based upon the facts then available to him, the corporation would not have dismissed claimant. However, letters from her employer and coworkers are merely evidence, the weight and effect of which are to be measured by the board *(Matter of Goldberg [Catherwood]*, 31 AD2d 580). The board found that the claimant

during the incident in question was abusive, insulting and insubordinate to her supervisor and further found since "claimant was insubordinate to her supervisor on June 6, 1973 and was thereupon suspended for such conduct, we conclude that she lost her employment through misconduct in connection therewith effective June 7, 1973 (Labor Law, section 593.3). In view thereof, it is not necessary to rule on her refusal to return to work on June 13, 1973, after the suspension had ended". We agree that claimant is not entitled to unemployment benefits for the week of her suspension but cannot make any determination, on this record, as to whether claimant lost her job through misconduct since the board specifically did not rule on this issue. The decision must be reversed and the matter remitted for further development of the record. Decision reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Sweeney, Koreman, Main and Larkin, JJ., concur.