■ In the Matter of the Claim of WILLIAM K. BRIEM, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from decisions of the Unemployment Insurance Appeal Board, filed April 6, 1978 and February 24, 1978 which denied claimant benefits upon the ground that he lost his employment through misconduct in connection therewith. The record reveals that the claimant was employed by Ward La France for almost nine months until December 2, 1976 as an assembler of vehicles. On that day the claimant left the employer's premises before the noon lunch hour had commenced without punching out his time card. Upon his return from the noon recess, he punched his card "out" and "in". Upon discovery of the claimant's transgression the following day, he was discharged for misconduct. It is conceded that the claimant was aware of the company rule requiring employees to punch out upon leaving the work premises and to punch in upon return and that he violated the rule. Claimant's application of December 3, 1976 for benefits was denied by the Industrial Commissioner and his determination was later sustained by a referee and affirmed by the board. Simultaneously with applying for unemployment insurance benefits, the claimant filed a grievance with his union, and about seven months after the filing, an agreement between the union and the employer was reached whereby the employer agreed that claimant's termination status would be changed from "misconduct" to "laid off" and in addition the employer agreed to restore the claimant's seniority position. With these changed conditions prevailing, the claimant filed a second application for benefits on July 20, 1977. The local office, relying upon the agreement and change of status, ruled claimant eligible for benefits and paid the claimant $714. Thereafter, on October 12, 1977, the local office rescinded that determination and reaffirmed its original determination of December 3, 1976, which, as previously noted, was sustained by the referee and affirmed by the board. Claimant's application for reconsideration and reopening was denied. On appeal, claimant relies entirely upon the language of this court's decision in *Matter of Slade (Levine)* (41 AD2d 800, affd 34 NY2d 919), wherein this court held that: "The board was required to consider the award of the State Mediation Board which was binding upon both the employer and employee. This award in effect abrogated claimant's discharge. Thus, as a matter of law, claimant was never discharged, but instead was suspended. Since claimant, as a matter of law, was not discharged by the employer, the board could not predicate its determination upon a loss of employment through misconduct in connection therewith." Such reliance is misplaced and unwarranted. In the *Slade (supra)* case, this court, as pertinent here, merely held that the board was required to consider the decision of the State Mediation Board made after a full hearing and that the same was binding upon the employer and the employee. No such determination was made here. Rather, there was simply a private mutual agreement or understanding between the employer and the claimant. Were the rule of *Slade (supra)* as advanced by appellants accepted, the employer and claimant employee could, by a simple private agreement, circumvent the Industrial Commissioner's exclusive right to make the initial determination as provided for in subdivisions 1 and 2 of section 597 of the Labor Law. In effect, such an interpretation would award control of unemployment insurance benefits to the employer and employee and, of course, such is not the law (see *Matter of McNeil [Levine]*, 50 AD2d 1050; *Matter of Goldberg [Catherwood]*, 31 AD2d 580). There is substantial evidence to support the board's findings, and its determination

should not be disturbed. Decisions affirmed, without costs. Mahoney, P. J., Sweeney, Kane and Main, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The logic of *Matter of Slade (Levine)* (41 AD2d 800) is applicable to the facts of this case. The dispute over claimant's discharge came after recourse to a grievance procedure provided for in the collective bargaining agreement. Settlement was reached at a stage immediately before arbitration and, as in *Slade*, it is legally binding on the employer and employee. The settlement abrogated claimant's discharge. The board could not, therefore, predicate its determination of loss of employment on the grounds of misconduct.