(October 28, 1993)

■ In the Matter of the Claim of MINNIE RICHARDSON, Respondent. COUNTY OF NASSAU, Appellant; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 980] —Yesawich Jr., J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 17, 1990 and March 30, 1992, which, *inter alia,* ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed for eight years as a nurse's aide in a geriatric center operated by the employer, the County of Nassau. On December 17, 1987, claimant was discharged because it was reported that she had mistreated a patient. Claimant filed a grievance and, on November 16, 1988, an arbitrator's award ordered claimant reinstated to her former position without back pay. When claimant went to her employer to inquire about her job, she was informed that she could not work until she was called. According to a representative from the employer's personnel office, claimant could not be added to the payroll until her reinstatement was approved by the County Executive. That could not occur until the next meeting of the County Board of Supervisors, scheduled to be held on December 16, 1988. As a result, the personnel office had not yet notified claimant of any reinstatement nor, as the employer's representative testified, would it do so until after that date. Meanwhile, on November 23, 1988, claimant went to her employer again, this time to change her address. While there, she signed a statement indicating that she would not be returning to her position because she was moving to Alabama in December 1988. In challenging claimant's receipt of unemployment insurance benefits for the period January 1, 1989 through February 12, 1989 only, the employer argues that claimant voluntarily left her employment without good cause in that she relocated to Alabama to be with her sister.

We disagree. As the Unemployment Insurance Appeal Board determined, claimant was not an employee at the time

she relocated. Even if claimant knew about the arbitration decision before she signed the statement on November 23, 1988, the employer had not yet reinstated her. The arbitrator's reinstatement order did not bring about her reinstatement; that could only be accomplished by the employer affirmatively acting toward that end. As the employer's representative testified, this could not happen until at least December 16, 1988. The employer's reliance on *Matter of Slade (Levine)* (41 AD2d 800, *affd on mem below* 34 NY2d 919) and *Matter of Flynn (La Rose & Assocs.—Catherwood)* (19 AD2d 918) is misplaced as those decisions are distinguishable. In *Slade* the employer apparently actually reinstated the claimant, while in *Flynn* the claimant rejected the employer's offer of immediate reinstatement. In the case at hand, neither actual nor immediate reinstatement occurred or was offered; indeed, the Board found that the employer's representative advised claimant that it was possible that claimant would not be rehired at all. Under the circumstances, substantial evidence exists to support the determination of the Board that claimant did not voluntarily leave her job without good cause *(see, Matter of Baker [Hartnett]*, 147 AD2d 790, 791).

Weiss, P. J., Mikoll and Crew III, JJ., concur. Ordered that the decisions are affirmed, without costs.