In the Matter of the Claim of BRUCE POLLACK, Appellant. COMMISSIONER OF LABOR, Respondent. [797 NYS2d 195]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed by a bank, initially as a real estate appraiser and later as a commercial real estate relationship manager. He resigned in March 2004, claiming that a series of

retaliatory actions had been taken against him after he complained that his supervisor had ordered him to commit a purportedly illegal act while he was working as an appraiser. He indicated that the final retaliatory action that caused him to resign was his new supervisor's failure to give him a performance appraisal, which was a prerequisite to a promotion and raise. Claimant's application for unemployment insurance benefits was denied on the ground that he voluntarily left his employment without good cause, and he now appeals from that decision.

We affirm. It is well settled that dissatisfaction with wages or promotional opportunities does not constitute good cause for leaving employment (see Matter of Monaghan [Commissioner of Labor], 16 AD3d 751, 752 [2005]; Matter of Pinedo [Advertising Info. Sys.—Commissioner of Labor], 270 AD2d 556, 556 [2000]), and we note the obvious distinction between this disqualifying reason for departure and leaving employment to avoid committing an illegal act. Here, claimant's new supervisor testified that claimant received a promotion when he was transferred into his department, but resigned a few months later after he was refused a performance appraisal and denied another promotion and a raise. The supervisor testified that claimant did not complain of discrimination or indicate that he had been asked to perform an illegal act. Claimant acknowledged that he had been given a raise after he blew the whistle on his former supervisor, and he admitted that if he had been given the requested performance appraisal and received a raise, he would not have resigned from his job. Under these circumstances, substantial evidence supports the Unemployment Insurance Appeal Board's decision and we decline to disturb it.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.