■ In the Matter of the Claim of ARLEIGH SPENCER, Appellant. COMMISSIONER OF LABOR, Respondent. [802 NYS2d 565]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 17, 2005, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

From September 27, 1999 to June 1, 2004, claimant worked as a payroll administrator for a company which operates duty free shops. Claimant was reprimanded in September 2002 and September 2003 for certain payroll irregularities, and again in December 2003 for using his computer for personal business. In April 2004, claimant was reprimanded and suspended for three days after he failed to deduct the proper amount from his paycheck for a company loan. At this time, he was advised that further disciplinary infractions would result in his discharge. On May 27, 2004, claimant failed to comply with the comptroller's directive to deliver paychecks to the employer's executive vice president by 12:00 P.M. that day. He was discharged as a result. Claimant initially received unemployment insurance benefits in the amount of $1,113.75. Thereafter, the Unemployment Insurance Appeal Board ultimately ruled that he was disqualified from receiving benefits because his employment was terminated due to misconduct and it canceled the credit that reduced the benefit overpayment of $1,113.75. The Board adhered to this decision upon reconsideration and claimant now appeals.

A claimant's failure to comply with an employer's reasonable requests or actions which are detrimental to an employer's interest may constitute disqualifying misconduct (see Matter of Kaissar [Commissioner of Labor], 3 AD3d 829, 830 [2004]). The record here establishes that claimant engaged in a pattern of inappropriate behavior, adverse to the employer's financial interest, which continued despite repeated warnings (see e.g. Matter of Rivera [Commissioner of Labor], 262 AD2d 696 [1999], lv dismissed 94 NY2d 939 [2000]). In view of this, substantial evidence supports the Board's finding that claimant engaged in disqualifying misconduct. His contention that he was discharged in retaliation for having filed a discrimination complaint with the State Division of Human Rights raised a credibility issue for

the Board to resolve (*see Matter of Ramos [Commissioner of Labor]*, 306 AD2d 791 [2003]).

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.