◾ In the Matter of the Claim of ARLEIGH SPENCER, Appellant. COMMISSIONER OF LABOR, Respondent. [852 NYS2d 853]—

When this matter was last before us, this Court affirmed a decision of the Unemployment Insurance Appeal Board, filed February 15, 2005, which, upon reconsideration, ruled that claimant was disqualified from receiving unemployment insurance benefits because he was discharged from his employment due to misconduct (22 AD3d 1010 [2005], *lv denied* 7 NY3d 701 [2006]). Claimant thereafter unsuccessfully sought to reopen the Board's prior decision, prompting this appeal.

"Whether to grant an application to reopen a decision is within the discretion of the Board, and, absent a showing that

the Board abused its discretion, its decision will not be disturbed" (*Matter of Kendricks [Commissioner of Labor]*, 1 AD3d 682, 682-683 [2003] [citation omitted]; *see Matter of Hardamon [Menorah Home & Hosp. for Aging—Commissioner of Labor]*, 17 AD3d 764, 765 [2005]). We perceive no abuse of that discretion here. Not only did claimant fail to demonstrate that the evidence now offered was unavailable at the original hearing, but the crux of that evidence is unrelated to the incident that led to his discharge. Under such circumstances, the Board quite properly denied claimant's application to reopen.

Mercure, J.P., Peters, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.