■ In the Matter of the Claim of PEGGY L. COLLEN, Respondent. JENNIFER C.E. AJAH & ASSOCIATES, Appellant; COMMISSIONER OF LABOR, Respondent. [904 NYS2d 796]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed September 22, 2008, which, upon reconsideration, adhered to its prior decision ruling that claimant was entitled to receive unemployment insurance benefits.

Claimant resigned from her employment as an associate attorney after just three weeks, claiming that the employer sent a client a letter using claimant's signature without her knowledge or permission and that the letter contained misrepresentations and false information. Further, she asserted that the employer requested that claimant misrepresent to certain clients that she was an independent contractor. Following a hearing, an administrative law judge reversed an initial determination by the Department of Labor and ruled that claimant was entitled to receive unemployment insurance benefits because she left her employment for good cause. That decision was affirmed by the Unemployment Insurance Appeal Board in March 2008 and, upon reconsideration, the Board adhered to its prior decision, prompting this appeal.

We find that, inasmuch as the Board credited claimant's version of the events, substantial evidence supports the Board's determination that good cause existed for claimant to leave her employment in order to avoid the required performance of an illegal or unethical act (see Matter of Grace [Astrocom Elecs., Inc.—Commissioner of Labor], 69 AD3d 1156, 1157 [2010]; see generally Matter of Pollack [Commissioner of Labor], 19 AD3d 961, 962 [2005]; Matter of Kunzler [Hudson Guild—Commissioner of Labor], 297 AD2d 846, 847 [2002]; Matter of Fumia [Nothnagle Home Sec.—Sweeney], 222 AD2d 923 [1995]). The employer's denials that the letter sent in claimant's name contained misrepresentations and that claimant had been asked to mislead clients raised an issue of credibility for the Board to resolve (see Matter of Velez [Commissioner of Labor], 70 AD3d 1100 [2010]; Matter of Park [Stanford New York, LLC—Commissioner of Labor], 70 AD3d 1097, 1098 [2010]).

Lastly, we are unpersuaded by the employer's contention that the Board abused its discretion in not holding further hearings, particularly when the employer failed to offer a valid explanation as to why it did not submit the relevant evidence at the earlier hearing (see Labor Law § 621 [3]; Matter of Whylie [Commissioner of Labor], 38 AD3d 1037, 1039 [2007]; Matter of Miller [Commissioner of Labor], 9 AD3d 567, 568 [2004]).

Cardona, P.J., Peters, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.