■ In the Matter of the Claim of ARLEIGH SPENCER, Respondent. INTERNATIONAL SHOPPES, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [920 NYS2d 454]—

Peters, J.P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 2, 2010, which, upon reconsideration, ruled that claimant was entitled to receive unemployment insurance benefits.

The present appeal is the third occasion that this matter has been before us, and the facts are more fully set forth in our prior decisions. Briefly, we affirmed a decision of the Unemployment Insurance Appeal Board holding that claimant had been discharged from his employment for disqualifying misconduct and was not entitled to unemployment insurance benefits (*Matter of Spencer [Commissioner of Labor]*, 22 AD3d 1010 [2005], *lv denied* 7 NY3d 701 [2006]), and thereafter upheld the Board's refusal to reopen that decision (*Matter of Spencer [Commis-*

*sioner of Labor]*, 49 AD3d 1047 [2008]). Claimant again sought to reopen the Board's decision in 2009, submitting evidence that had not previously been before the Board. Upon its own motion, the Board reopened its earlier decision and, following a hearing, held that claimant had not been discharged for disqualifying misconduct and awarded benefits. The employer appeals.

It is well settled that the Board has continuing jurisdiction to reopen a matter on its own motion in order to consider previously undisclosed evidence, even if a party's application to reopen would be untimely, and we perceive no abuse of discretion in its decision to do so here (*see* Labor Law § 534; 12 NYCRR 463.6 [b]; *Matter of Haberstroh [Commissioner of Labor]*, 251 AD2d 932, 933 [1998]). Contrary to the employer's contention, the Board was free to reassess claimant's entitlement to benefits, despite this Court's affirmance of its previous decisions, if "sufficient facts were presented to" justify it doing so (*Matter of Di Donato v Rosenberg*, 256 NY 412, 418 [1931]; *see* Labor Law § 534; *Matter of Adams v Owens Corning Fiberglass*, 288 AD2d 645, 646 [2001]).

Turning to the merits, the incident that precipitated claimant's discharge was his disregard of an alleged directive to process and deliver payroll checks by a certain time (22 AD3d at 1010). The employer's controller testified that he had issued that directive, but stated in a previously undisclosed affidavit that he only directed claimant to deliver the checks "as soon as he was done processing them." The controller additionally asserted that, after later learning that the checks had not been delivered, he told claimant to deliver some of them as soon as possible. In light of the controller's conflicting statements, the Board credited claimant's testimony that he was not directed to have the checks ready by any specific time and was only told to deliver the checks after processing them, which he did. Moreover, even the controller admitted that checks he allegedly directed claimant to deliver as soon as possible were delivered within a half hour of that direction, and there is no indication that the employer was harmed by any delay. Substantial evidence thus supports the Board's determination that claimant's behavior, while perhaps the result of poor judgment, did not evince "a willful and wanton disregard of the employer's interest" rising to the level of disqualifying misconduct (*Matter of Wrzesinski [Roberts]*, 133 AD2d 884, 885 [1987]; *accord Matter of Pfohl [Hunter's Hope Found., Inc.—Commissioner of Labor]*, 9 AD3d 729, 730 [2004]).

Lahtinen and McCarthy, JJ., concur.

Garry, J. (dissenting). I respectfully dissent. When the Unemployment Insurance Appeal Board chooses to reopen a decision, whether on its own motion, as here, or upon timely application by a party, it is required to "state the reasons therefor in its decision" (12 NYCRR 463.6 [d]). The record here does not reveal the basis of the decision to reopen. Further, there was a significant procedural issue that was not addressed at the time of reopening, nor thereafter.

As the majority noted, this is the third time this matter has been before this Court. Claimant's employment as payroll coordinator was terminated in June 2004, after he intentionally failed to deliver paychecks to 115 fellow employees, apparently due to anger that his own paycheck was being subjected to review by his superiors, based upon the employer's discovery of alleged improprieties in processing his own pay.[1] The initial determination, rendered in September 2004 and adopted by the Board in December 2004, was that this intentional failure violated the employer's "last chance" warning, thus constituting disqualifying misconduct. Upon the initial review thereafter, this Court set forth the series of circumstances that were found to establish a "pattern of inappropriate behavior, adverse to the employer's financial interest, which continued despite repeated warnings" (*Matter of Spencer [Commissioner of Labor]*, 22 AD3d 1010, 1010 [2005], *lv denied* 7 NY3d 701 [2006]).[2]

Upon claimant's second application, this Court upheld the Board's decision not to reopen the claim, noting that claimant "fail[ed] to demonstrate that the evidence now offered was unavailable at the original hearing . . . [and that] the crux of that evidence [was] unrelated to the incident that led to his discharge" (*Matter of Spencer [Commissioner of Labor]*, 49 AD3d 1047, 1048 [2008]). The employer argues that claimant's latest application similarly failed to provide new relevant evidence to support the Board's determination to reopen, nor to warrant a different outcome.

Upon this third request to reopen the claim, claimant submitted six documents. These documents were accepted into evi-

1. Claimant admitted in deposition testimony in October 2008 that he had held the checks because he was angry about the company controller giving his check to him personally, stating that he "was being harassed."

2. Claimant has also litigated closely related issues arising from the same underlying facts regarding his termination in two additional forums, in a claim before the Division of Human Rights and in a federal action claiming discrimination and retaliatory discharge. These claims were dismissed, based upon claimant's failure to demonstrate that the reasons for his termination were improper (*see Spencer v International Shoppes, Inc.*, 2010 WL 1270173, *4, *6-10, 2010 US Dist LEXIS 30912, *9-10, *18-31 [ED NY 2010]).

dence at the hearing over the objections of the employer's counsel. The Administrative Law Judge specifically refrained from ruling upon the employer's arguments that the materials were neither new nor relevant, instead "ruling simply that the Board has directed—has begun with the instruction that [I] accept these documents upon comment and confrontation . . . and seeing nothing extraordinary that would effectively counter the instructions of the Board, I now presume that the Board will itself give the appropriate relevance and weight to the information . . . I am not ruling that anything is new or that it is irrelevant. I'm simply noting that I've heard your comments and arguments, and I am confident that the Board will consider them." This ruling was consistent with the Board's direction, expressed in the remand order of November 30, 2009, which specifically identified documents that "should be entered into evidence after the appropriate confrontation and opportunity for comment." Neither the remand order nor the subsequent Board determination, however, addresses whether the materials received were either new or relevant. In sum, there is nothing in the record before us addressing these basic procedural underpinnings, a critical threshold inquiry necessary to support reopening this matter at this late date.

These procedural rules are well established; this Court frequently upholds decisions by the Board not to reopen claims because a party has failed to explain why available, relevant evidence was not timely submitted (*see Matter of Collen [Jennifer C.E. Ajah & Assoc.—Commissioner of Labor]*, 74 AD3d 1644, 1645 [2010]) or because purported new evidence is in fact irrelevant (*see Matter of Miller [Commissioner of Labor]*, 9 AD3d 567, 568 [2004]; *Matter of De Prima [Commissioner of Labor]*, 260 AD2d 715 [1999], *appeal dismissed* 93 NY2d 1040 [1999]; *Matter of Van Bergen [Commissioner of Labor]*, 258 AD2d 705, 706-707 [1999]).

While it remains within the Board's sphere to review and determine whether the materials should be considered, upon application of the appropriate rules, it plainly appears upon the record presented that the employer's objections were well founded. It bears noting that the Board had previously ruled upon one of these documents, an affidavit dated July 11, 2006, when it was submitted upon claimant's second request to reopen. The document that the majority opinion references as a "previously undisclosed affidavit" was in fact subscribed by the employer's controller in 2004, and was allegedly submitted into evidence in the course of claimant's proceeding before the State Division of Human Rights. There is apparently a new deposition

from this controller, obtained in the federal action, but the excerpt submitted relates to an alleged loan that claimant had received from the employer, not to his delay in issuing paychecks, and thus appears irrelevant. The only other apparently new submission is the transcript of the company president, similarly obtained in the federal action in 2008, but the alleged issues posed by this document appear not merely irrelevant but illusory when viewed in conjunction with the document's certification pages, in which the president addressed transcription errors in his testimony.

The Board failed to comply with the requirement of stating a basis for reopening, and failed to set forth any determination as to whether claimant had in fact submitted new and relevant evidence. The employer's unaddressed objections raise issues relating to important procedural safeguards, designed for the purpose of avoiding protracted and duplicative litigation, and also constituting an essential limitation on the Board's broad discretion. The Board's failure to address the employer's procedural objections thus constitutes an abuse of that discretion. I would therefore reverse and remit for a determination of whether claimant's submissions constitute new and relevant information sufficient to support his request.

Ordered that the decision is affirmed, without costs.