## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 10, 2015          520753
_____

In the Matter of the Claim of
   KEITH R. THOMPSON,
                   Appellant.

ST. PAUL'S EPISCOPAL CHURCH,                MEMORANDUM AND ORDER
                   Respondent.

COMMISSIONER OF LABOR,
                   Respondent.
_____

Calendar Date:  October 27, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

     Keith R. Thompson, Rochester, appellant pro se.

     Jill K. Schultz, Rochester, for St. Paul's Episcopal Church, respondent.

     Eric T. Schneiderman, Attorney General, New York City (Ingrid Rousseau of counsel), for Commissioner of Labor, respondent.

_____

     Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 16, 2014, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

     Claimant was employed as the maintenance supervisor for the employer from 2005 until September 2013, when he was terminated for misconduct due to his repeated refusal to cooperate with the employer's investigation of a complaint regarding claimant's subordinate.  Claimant thereafter obtained unemployment insurance

benefits based upon his representation that he had lost his job due to lack of work.  The Unemployment Insurance Appeal Board determined that claimant had engaged in disqualifying misconduct and made willful misrepresentations in that regard, disqualifying him from benefits, charged him with recoverable overpayment of $678 and imposed a fine of $101.70.  Claimant appeals.

We affirm.  "[W]hether a claimant has engaged in disqualifying misconduct is a factual issue for the Board to decide and its decision will be upheld if supported by substantial evidence" (Matter of Manieson [Commissioner of Labor], 119 AD3d 1312, 1313 [2014]).  Further, "[a] claimant's failure to comply with an employer's reasonable requests or actions which are detrimental to an employer's interest may constitute disqualifying misconduct" (Matter of Spencer [Commissioner of Labor], 22 AD3d 1010, 1010 [2005], lv denied 7 NY3d 701 [2006]; see Matter of Ortiz [New York Eye & Ear Infirmary-Commissioner of Labor], 97 AD3d 885, 886 [2012]).  The record establishes that after a daycare employee who worked in the employer's building complained to claimant about an offensive remark allegedly made by claimant's subordinate, claimant warned his subordinate; however, when the employer thereafter investigated the incident, claimant admittedly refused to provide any information, even after the employer promised that the complainant's identity would be kept confidential.  The testimony established that the employer had reasonable grounds to investigate the incident and to believe that claimant had relevant information, and supported the Board's finding that he was obligated to cooperate.  Therefore, we find that substantial evidence supports the Board's decision that claimant's actions were detrimental to the employer's interests and constituted disqualifying misconduct (see Matter of Ortiz [New York Eye & Ear Infirmary-Commissioner of Labor], 97 AD3d at 886; Matter of Spencer [Commissioner of Labor], 22 AD3d at 1010).

Further, issues of credibility are exclusively the province of the Board (see Matter of Andrews [A.C. Roman & Assoc.-Commissioner of Labor], 118 AD3d 1216, 1217 [2014]).  The Board credited the testimony of the employer's witness that claimant was advised when he was terminated that it was due to his failure as a supervisor to cooperate with the employer's investigation of

his subordinate and claimant thereafter inaccurately represented that he left his employment due to lack of work.  Consequently, we find no reason to disturb the Board's finding that he made a willful misrepresentation to obtain benefits or its imposition of recoverable overpayments and a penalty (see Labor Law §§ 594 [4]; 597 [4]; Matter of Stelmach [Commissioner of Labor], 106 AD3d 1353, 1354 [2013]).  Claimant's remaining claims have been considered and are either unpreserved or lack merit.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court