*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    520636
_____

In the Matter of the Claim of
    MICHAEL D. STRAUSS,
                    Respondent.

RMC RESEARCH CORPORATION,                    MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Day Pitney, LLP, Stamford, Connecticut (Daniel L. Schwartz
of counsel), for appellant.

        Michelle I. Rosien, Philmont, for Michael D. Strauss,
respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Koton of counsel), for Commissioner of Labor, respondent.

_____

McCarthy, J.P.

        Appeals from two decisions of the Unemployment Insurance
Appeal Board, filed May 12, 2012, which ruled, among other
things, that RMC Research Corporation is liable for additional
unemployment insurance contributions on remuneration paid to
claimant and others similarly situated.

        RMC Research Corporation, an educational research firm,
contracted with the New York City Department of Education to

provide teaching consultants, known as "peer observers," for the purpose of evaluating teachers who had received unsatisfactory ratings by school administrators. RMC retained former teachers, including claimant, to act as peer observers at various schools within the Department's jurisdiction. After entering into a "consultant agreement" with RMC and receiving a case assignment, claimant was required to make 10 site visits to the school where the unsatisfactory teacher was assigned, six for observation, three for consultation and one for final assessment. In addition, he was required to prepare specific documentation — including observation reports, an individualized professional development plan and a final assessment letter — in connection with his assignment, and to complete it within 10 weeks. Ultimately, claimant's evaluation and those of the other peer observers were used to assist school administrators in determining whether a disciplinary proceeding should be brought to remove the teacher under review.

The sole issue presented here is whether substantial evidence supports the Unemployment Insurance Appeal Board's finding that claimant, and other similarly situated peer observers, were employees of RMC. Initially, we note that the existence of an employment relationship is a factual issue for the Board to resolve, and its determination in this regard is beyond judicial review if it is supported by substantial evidence (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Lobban [Precinct Security & Investigations, Inc.—Commissioner of Labor], 131 AD3d 1294, 1294 [2015]). While no single factor is determinative, where, as here, the services of teaching professionals are involved, "the pertinent inquiry is 'whether the purported employer retains control of important aspects of the services performed'" (Matter of Wilner [Primary Stages Co., Inc.—Commissioner of Labor], 128 AD3d 1148, 1149 [2015], lv dismissed 26 NY3d 955 [2015], quoting Matter of Piano School of N.Y. City [Commissioner of Labor], 71 AD3d 1358, 1359 [2010]).

Turning to the facts applicable to claimant and the other peer observers, claimant was required as part of RMC's hiring process to submit an application, undergo an interview and provide references. Once hired and after signing the consultant

agreement, he received six hours of training, was paid a hourly rate set by RMC, was expected to work three to four hours per week for a total of 36 weeks during the 10-week assignment and submitted a voucher provided by RMC on the 15th of each month to receive payment for hours worked.  Notably, claimant was paid for services rendered regardless of whether RMC received payment from the client.  Moreover, RMC's name appeared at the top of the documents that claimant was required to prepare and it determined their format.  Furthermore, during the course of his assignment, claimant interacted with RMC's project director who reviewed his observation reports for comprehensiveness, clarity, spelling and grammar.  Any complaints about claimant's performance or that of the other peer observers were directed to RMC, and it arranged for a replacement if an assignment could not be completed.  The foregoing illustrates that there is substantial evidence that RMC retained overall control over important aspects of claimant's work to establish the existence of an employment relationship (see Matter of Wilner [Primary Stages Co. Inc.—Commissioner of Labor], 128 AD3d at 1149-11150; Matter of Stewart [ALM Partners LLC—Commissioner of Labor], 118 AD3d 1198, 1199 [2014]).  Accordingly, we find no reason to disturb the Board's decisions.

Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decisions are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court