Matter of Pearson (Commissioner of Labor) (2018 NY Slip Op 08588)





Matter of Pearson (Commissioner of Labor)


2018 NY Slip Op 08588


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

525269

[*1]In the Matter of the Claim of THOMAS E. PEARSON, Respondent. TOWN HALL FOUNDATION, INC., Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: November 13, 2018

Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Tully Rinckey PLLC, New York City (Nicholas A. Devyatkin of counsel), for appellant.
Thomas F. Garner, Middleburgh, for Thomas E. Pearson, respondent.
Barbara D. Underwood, Attorney General, New York City (Dawn A. Foshee of counsel), for Commissioner of Labor, respondent.



MEMORANDUM AND ORDER
Lynch, J.
Appeals (1) from two decisions of the Unemployment Insurance Appeal Board, filed September 16, 2016, which ruled, among other things, that Town Hall Foundation, Inc. is liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated, and (2) from two decisions of said Board, filed January 20, 2017, which denied the application of Town Hall Foundation, Inc. to reopen and reconsider a prior decision.
Town Hall Foundation, Inc. (hereinafter the Foundation) is a not-for-profit corporation chartered by the New York State Board of Regents that, among other things, operates an educational arts outreach program that sets up artistic programs in schools. The Foundation, licensed to provide artists in public schools, contracted with the New York City Department of Education to supply teaching artists to implement art programs in the schools. The Foundation maintains a computer database of artists by skill set and, after holding a planning meeting with a school and ascertaining the type of program desired, it selects an artist who matches the program's needs; the Foundation contacts the selected artist and retains them to set up and implement a program in the school after screening their credentials and references. Claimant, an artist retained by the Foundation, implemented a dance program in an elementary school in October through December 2011 and thereafter applied for unemployment insurance benefits. By initial determination, claimant was found to be an employee of the Foundation entitled to such benefits. The Foundation appealed and requested a hearing, and the Unemployment Insurance Appeal Board ultimately concluded, in two decisions filed September 16, 2016, that claimant and other similarly situated teaching artists were employees of the Foundation and [*2]assessed it additional unemployment insurance contributions based upon remuneration paid to claimant and others similarly situated. The Board subsequently, in two decisions filed January 20, 2017, denied the Foundation's motion to reopen one of its decisions. The Foundation now appeals.
We affirm. Initially, "the existence of an employment relationship is a factual issue for the Board to resolve, and its determination in this regard is beyond judicial review if it is supported by substantial evidence" (Matter of Strauss [RMC Research Corp.-Commissioner of Labor], 135 AD3d 1268, 1269 [2016], citing Matter of Empire Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). Although no factor is determinative, "where, as here, the services of teaching professionals are involved, the pertinent inquiry is whether the purported employer retains overall control of important aspects of the services performed" (Matter of Strauss [RMC Research Corp.-Commissioner of Labor], 135 AD3d at 1268 [internal quotation marks and citations omitted]; see Matter of Wilner [Primary Stages Co. Inc.-Commissioner of Labor], 128 AD3d 1148, 1149 [2015], lv dismissed 26 NY3d 955 [2015]).
The evidence adduced at the hearing established that the Foundation retained control over important aspects of claimant's and other teaching artists' services. To that end, the Foundation solicited and worked with schools to establish an appropriate artistic program to meet their needs and budget, screened the artists, matched their skills and experience to the schools' needs and set the artists' rate of pay, which was less than the Foundation received by contract from the Department, and helps artists work in the academic settings. The Foundation paid the artists directly, upon receipt of weekly invoices provided by the Foundation and completed by the artist documenting hours worked, provided guidelines for them to follow and monitored their progress and hours to stay within the schools' budgets and program plans. The Foundation fielded and attempted to resolve complaints from schools regarding artists' conduct or performance and found replacements when needed, and its officers attended the final performances and held evaluation meetings at the end with school personnel and the artists. In view of the foregoing, substantial evidence supports the Board's determination that claimant and similarly situated teaching artists were Foundation employees, notwithstanding evidence in the record that could support a contrary conclusion (see Matter of Strauss [RMC Research Corp.-Commissioner of Labor], 135 AD3d at 1270; Matter of Encore Music Lessons LLC [Commissioner of Labor], 128 AD3d 1313, 1314-1315 [2015]; Matter of Ivy League Tutoring Connection, Inc. [Commissioner of Labor], 119 AD3d 1260, 1260-1261 [2014]; Matter of Tekmitchov [Musika LLC], 110 AD3d 1301, 1301 [2013], lv dismissed 23 NY3d 941 [2014]; Matter of Piano School of N.Y. City [Commissioner of Labor], 71 AD3d 1358, 1359 [2010]).
Further, we are not persuaded by the Foundation's claims that procedural errors at the hearing require a reversal. Claimant did not appear at the hearing to offer sworn testimony, and his statements were not admitted into evidence. Despite repeated advisements of its rights, the Foundation did not request that claimant be subpoenaed or an adjournment to do so, and it was not denied the right to cross-examine any witness (see 12 NYCRR 461.4 [c], [j]; compare Matter of Philip [Brody-Commissioner of Labor], 120 AD3d 1470, 1471 [2014]; Matter of Barber v New York State Off. of Victim Servs., 103 AD3d 931, 931 [2013]; Matter of Seeger v Moduform, Inc., 146 AD2d 922, 922-923 [1989]). The Foundation's witnesses were afforded a full and fair opportunity to testify and to submit evidence on each of the three hearing dates (see 12 NYCRR 461.4 [a]), and the record contains no support for its contention that the Board relied upon claimant's "unrebutted claims" (see Labor Law § 622 [1]). Finally, the Foundation has not demonstrated that the Board abused its discretion in denying its request to reopen its prior decision (see Labor Law § 534; 12 NYCRR 463.6 [b]; cf. Matter of Spencer [International Shoppes, Inc.-Commissioner of Labor], 83 AD3d 1171, 1172 [2011], lv denied 17 NY3d 717 [2011]).
McCarthy, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.