Matter of Persaud (City of New York--Commissioner of Labor) (2025 NY Slip Op 02379)

Matter of Persaud (City of New York--Commissioner of Labor)

2025 NY Slip Op 02379

Decided on April 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 24, 2025

CV-23-1722
[*1]In the Matter of the Claim of Devanand Persaud, Appellant. City of New York, Respondent. Commissioner of Labor, Respondent.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Devanand Persaud, East Elmhurst, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York City (Karin Wolfe of counsel), for City of New York, respondent.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for Commissioner of Labor, respondent.

Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 31, 2023, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Claimant was employed as a reconciliation supervisor for the employer's finance department. After receiving public complaints about a potential derogatory post on claimant's social media account, which account identified claimant's place of employment, the employer issued an initial notice of disciplinary charges against claimant for allegedly violating its code of conduct, and an investigation ensued. Those charges were subsequently amended to include further allegations that claimant again violated the employer's established policies by failing to cooperate with the ensuing investigations. Claimant contested the charges and, following an administrative disciplinary proceeding pursuant to Civil Service Law § 75, those charges were sustained with a recommendation that his employment be terminated. The employer adopted those findings of fact and recommendation and dismissed claimant from his employment.
Upon losing his employment, claimant applied for unemployment insurance benefits. Following a hearing at which the parties limited the issue to whether claimant's social media post amounted to misconduct, an Administrative Law Judge (hereinafter ALJ) gave collateral estoppel effect to the findings of fact at the disciplinary proceeding regarding the social media post but also made independent additional factual findings. The ALJ found that claimant's conduct was an isolated incident of poor judgment that did not amount to disqualifying misconduct and ruled that claimant was entitled to unemployment insurance benefits. Upon administrative appeal, the Unemployment Insurance Appeal Board remanded the matter for further consideration of the additional issue of whether claimant's conduct in failing to cooperate with the investigations into the disciplinary charges constituted disqualifying misconduct.
Following the ensuing hearing, the ALJ, although adhering to the previous ruling related to the social media posting, found, among other things, that claimant's failure to cooperate in the disciplinary investigations, which was in violation of a known policy of the employer, constituted disqualifying misconduct. The Board affirmed, and this appeal ensued.[FN1]
The Board's decision, which appropriately gave collateral estoppel effect to the factual findings resulting from the disciplinary proceeding at which the record indicates that claimant was provided a full and fair opportunity to litigate the issue of misconduct (see Matter of Small [New York City Tr. Auth.-Commissioner of Labor], 232 AD3d 1013, 1013 [3d Dept 2024]), made its own independent conclusion as to whether claimant's behavior constituted disqualifying misconduct for unemployment insurance purposes. To that end, substantial evidence supports the Board's decision [*2]that claimant's failure to cooperate with the employer's investigations in contravention of a known policy of the employer amounted to disqualifying misconduct (see Matter of Telemaque [Commissioner of Labor], 148 AD3d 1441, 1442-1443 [3d Dept 2017]; Matter of Hopton [Commissioner of Labor], 136 AD3d 1098, 1098-1099 [3d Dept 2016]; Matter of Thompson [St. Paul's Episcopal Church-Commissioner of Labor], 134 AD3d 1274, 1274-1275 [3d Dept 2015]).
Claimant's contention that the employer's administrative appeal was untimely and, therefore, should not have been considered by the Board is belied by the record. Further, we are unpersuaded that the Board erred in remitting the matter for further development and consideration of whether claimant's failure to cooperate in the investigations amounted to misconduct. Such issue was litigated at the disciplinary proceeding and was a basis for claimant's discharge from employment. Even so, the Board was not precluded from remanding the matter for further consideration and development of the record in order to independently determine whether claimant was properly denied unemployment insurance benefits for failing to cooperate (see generally Matter of Guimarales [New York City Bd. of Educ.-Roberts], 68 NY2d 989, 991-992 [1986]; Matter of Boretsky [New York City Tr. Auth.-Commissioner of Labor], 121 AD3d 1486, 1487-1488 [3d Dept 2014]; see also Matter of Winters [Peekskill City Sch. Dist.-Commissioner of Labor], 109 AD3d 1034, 1035 [3d Dept 2013]). Claimant's remaining contentions, including that certain evidence was improperly excluded at the hearing, have been reviewed and found to be unpersuasive.
Garry, P.J., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant also commenced a federal action challenging his discharge, which was resolved by a settlement under which the employer agreed to, among other things, internally change claimant's termination for misconduct to an irrevocable voluntary resignation. We find, and the parties agree, that the settlement has no impact on the appeal (see Matter of Napolitano [Commissioner of Labor], 264 AD2d 928, 929 [3d Dept 1999]; Matter of Briem [Ross], 71 AD2d 752, 753 [3d Dept 1979], affd 52 NY2d 842 [1981]).